## J. H. ROMAN v. J. T. BRESSLER.

[FILED JUNE 30, 1891.]

1. **Sale:** ALLEGED DEFECTS: STATUTE OF FRAUDS. In an action to recover a balance due upon 3,646¾ bushels of corn at thirty- five cents per bushel, the answer was a plea of the statute of frauds.   The testimony showed that the corn was to be deliv- ered at Wayne, and was so delivered on the cars and was shipped to Minneapolis to the defendant, who, without conferring with the plaintiff, ordered the corn sold for fifteen and three-fourths cents per bushel as being damaged.   *Held,* That he was liable for the contract price, and the plea of the statute of frauds was unavailing.

2. ———: ———: ACCEPTANCE.   A buyer who accepts grain with knowledge of its quality, is bound for the contract price.

ERROR to the district court for Wayne county.   Tried below before NORRIS, J.

*Frank Fuller,* for plaintiff in error.

*Frank Northrop, contra.*

MAXWELL, J.

This action was brought by the plaintiff against the defendant in the district court of Wayne county, to recover a balance due upon 3,646¾ bushels of corn at thirty-five cents per bushel. The answer is a general denial, and an answer in effect that no memorandum in writing for the purchase of said corn from the plaintiff by the defendant was ever made or signed, and that the defendant never accepted or received said corn, or any part thereof, nor paid any portion of the purchase price.

On the trial of the cause the jury returned a verdict in favor of the plaintiff for $3.67, being the value of certain oats sold by the plaintiff to the defendant, about which there is no dispute. A motion for a new trial was thereupon overruled and judgment entered on the verdict.

The testimony shows that early in June, 1888, the plaintiffs sold to the defendant 3,000 bushels of corn at thirty-five cents per bushel. This corn was shipped to Minneapolis, and as to that corn there is practically no dispute. There is testimony also to show that before all of that corn was delivered, the plaintiff sold to the defendant 3,000 additional bushels of corn at thirty-five cents per bushel, to be delivered on the cars at Wayne. It is claimed that the price of this corn was thirty-five cents per bushel. This corn was also shipped to the defendant at Minneapolis. The defendant claims that he had not purchased the latter 3,000 bushels, and therefore he is not liable thereon. The undisputed testimony, however, shows that the corn reached Minneapolis and that the defendant, without conferring with the plaintiff, ordered the corn sold at fifteen and three-fourths cents per bushel.

It is claimed without adequate proof that the corn was hot and damaged. Whether this was so or not we cannot tell, as there is an absence of adequate proof on that point. The defendant accepted the corn, as he claims, with knowl-

18

edge of its condition. If he did not fill the conditions of sale he should have refused to receive it. If he had not purchased the corn he had nothing to do with it, and should at least have conferred with plaintiff before giving orders for the sale of the corn as the property of the plaintiff. Otherwise it would be possible for two or three grain dealers to combine, and, on a claim that the grain was damaged, sell it far below its value. The grain business, like every other, must be conducted in an honest, straightforward manner, in order that the transactions may be approved by the courts. That the business is not so conducted in all cases is pretty well known. The corn, so far as appears, was in good order and of good quality when shipped from Wayne, and was of the value of thirty-five cents per bushel there, and the plaintiff is entitled to recover that sum.

The judgment of the district court is therefore reversed, and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

The other judges concur.