McCormick Harvesting Machine Co. v. Martin.

# McCormick Harvesting Machine Co. v. C. M. Martin.

[FILED SEPTEMBER 15, 1891.]

1. **Sale: WARRANTY NOT PROVED.** In an action upon a note given for a harvester, where certain defects were alleged in violation of a verbal warranty, *held*, that the evidence failed to establish a verbal warranty, or that the machine was materially defective.

2. ————: **IMPLIED ACCEPTANCE.** Retaining and using it beyond a reasonable time are deemed a full acceptance of the machine.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Lamb, Ricketts & Wilson,* for plaintiff in error, cited *Osborne v. Marks,* 22 N. W. Rep. [Minn.], 1; *Melby v. Osborne,* 24 Id., 253; *Aultman v. Stout,* 15 Neb., 586; *Osborne v. Carpenter,* 34 N. W. Rep. [Minn.], 183; *Osborne v. Huntington,* 33 Id., 789.

*Billingsley & Woodward, contra.*

MAXWELL, J.

This action was brought on a promissory note, dated July 1, 1885. The note was one of three given for a McCormick self-binder. About January 1, 1886, the first note was paid, and subsequently thereto the defendant paid $10 on the second note. In September, 1887, he gave a chattel mortgage on certain property to secure the second note.

The defendant in his answer alleges that plaintiff verbally, by its agent, who sold said binder to the defendant, warranted said binder to do first-class work in the cutting, binding, and saving grain. He also alleges that the

binder failed to comply with the warranty, whereby he was damaged in the sum of $200.

On the trial of the cause the jury returned a verdict in favor of the plaintiff for $90 and allowed the defendant $90 on his counter-claim, and judgment was entered on the verdict. It appears from the record that the machine was purchased on a written warranty as follows:

"These machines are all warranted to be well made, of good material, and durable, with proper care. If upon one day's trial the machine should not work well the purchaser shall give immediate notice to said McCormick Harvesting Machine Company, or their agent, and allow time to send a person to put it in order. If it cannot then be made to work well the purchaser shall return it at once to the agent of whom he received it, and his payment (if any has been made) will be refunded. Continuous use of the machine, or use at intervals through harvest season, shall be deemed an acceptance of the machine by the undersigned."

The testimony shows that the machine in question was purchased in Lincoln about July 1, 1885, and taken to the defendant's farm, and was there set up by Mr. Addis, for the plaintiff. He saw the defendant start the machine in a field of rye, and waited until he had cut once around the piece. The machine seemed to work all right, although the defendant testifies that quite a number of bundles were thrown from the machine unbound—about one-fourth, he estimates. On the next day he testifies that he cut twenty acres of oats for his brother. The machine evidently did good work all through the harvest of 1885, although it did not bind all the bundles. He claims to have presented his objection to Mr. Addis, who attempted to fix the machine, but failed. He continued to use it and did not offer to return it, however, until two years afterwards.

In July, 1886, a Mr. Robenson, a repairer for the plaintiff, went to the defendant's residence and examined

the machine.  Found it to be in good repair and capable of doing good work if properly handled.  He testifies that he adjusted it properly, and found some trouble with the back lashing which he corrected and followed the machine to the field, and that it did good work; and that the defendant afterwards expressed himself as satisfied with it. There is an attempt on the part of the defendant to deny this, and his attorney put words into his mouth for that purpose, but there is a substantial failure to deny material points in the testimony.

The oral warranty set up in the answer is not proved. The defendant testifies in regard to it as follows:

Q. Under what circumstances did you purchase the machine from Mr. Addis?

A. I bought the machine from Mr. Addis.  He guaranteed it to work satisfactory.

Q. What did he say about it?

A. I don't remember his exact words.  It was to the effect that if the machine did not work I would not have to pay for it.

Q. What did he say as to the quality of the machine as to its doing good work?  (Plaintiff objected as leading. Overruled.)

A. He said it would do as good work or better as any other machine, and I had always considered the machine a first-class machine, and that is the reason I bought it.

Q. Did you ever own a machine of this character before?

A. No, sir.

There is nothing in this in conflict with the written warranty.  A purchaser must act in good faith with the parties from whom he purchases.  If the machine is in fact a good machine, capable, if properly handled, of doing good work, the manufacturer is fairly entitled to be paid for his property, and specious pretexts to avoid payment should not be encouraged.  The same rules must be applied to machinery as to other property purchased on a

McCormick Harvesting Machine Co. v. Martin.

warranty with leave to return, that if after a reasonably fair trial the purchaser finds that it does not conform to the warranty he may return the same.    If he retains it beyond a reasonable time he will be deemed to have waived all objections to it.

A machine that will cut twenty acres of grain the second day that it is used may be set down as a good machine, and it is not claimed there were any latent defects.    The only defect, if such it was, was in the knotter, and well known to the defendant, and it is shown that the knotter could have been replaced for a trifling sum.    The defendant testifies to his experience with machinery, but it is pretty evident that he was not very familiar with the running of a machine and  probably was unable either to put it in order or keep it so.    However this may be, the evidence fails to make a case to entitle the defendant to a counter-claim.    Machinery is necessary in this state to carry on farming operations, particularly if carried on on an extended scale, and no class is more interested than farmers themselves in requiring payment to be made for meritorious and substantial machines.    Honor and integrity lie at the foundation of all permanent success in every kind of business.

The verdict is against the clear weight of evidence.    The judgment of the court below is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.