## L. J. HAZEN V. WILLIAM WILHELMIE.

FILED MARCH 4, 1903.  No. 12,695.

**Sale of Chattels: CONTRACT: QUALITY OF GOODS: ACCEPTANCE: WAIVER.** In an action upon a contract for the sale of chattels, evidence by the purchaser that after the delivery of the subject matter he

inspected, retained and used it as a whole, shows both an acceptance and a waiver of any objection that the quality was not such as the contract required.

ERROR to the district court for Merrick county: JAMES A. GRIMISON, DISTRICT JUDGE. *Reversed.*

*John C. Martin,* for plaintiff in error.

*John Patterson, contra.*

LOBINGIER, C.

This is an action to recover for nursery stock alleged to have been sold and delivered in pursuance of the following contract:

"I have this day bought of L. J. Hazen the following nursery stock, to be packed at the Arlington nursery, at Arlington, Neb., for which I agree to pay him or bearer twelve dollars in cash, on delivery at Grand Island during the fall of 1899.

"I hereby agree to come or send for the goods purchased herein on the day set for delivery, at which time said goods are to be in good order, but after that date will be wholly at my risk.

"It is agreed that the entire contract is printed herein and that no verbal agreement is binding and I agree not to countermand this order.

"All trees, etc., that fail to grow will be replaced at one-half price; provided stock is planted and cared for according to directions. [Here follows a description of the stock.]        Purchaser's signature: WM. WILHELMIE.

"P. O. Address, Chapman.    Location, C. 8.    Date. P. O. Box, 125.

"I agree that the fruit trees, plants, etc., shall all be delivered in a healthy condition. L. J. HAZEN, *Salesman.*"

The answer contained a general denial, and alleged that the Arlington Nursery Company, and not plaintiff, was the real party in interest, and pleaded a counter-claim

against it for a breach of the contract.  The jury returned a general verdict for defendant, and plaintiff brings the case here by petition in error.

The principal defense relied upon at the trial was the defective quality and condition of the nursery stock.  This defense was not expressly pleaded in the answer, but it is claimed that since the contract requires the stock to "be delivered in a healthy condition," the burden was upon plaintiff to show this as a condition precedent to recovery. Had the contract remained executory this would, doubtless, have been true, but, as will presently be disclosed, there was a delivery of nursery stock on the part of plaintiff and consequent action on defendant's part, which required the application of a different rule.

Among the instructions given by the court and duly excepted to by plaintiff was the following:

"So, if you believe from the evidence that the stock was not in a healthy condition when it was delivered, if it was delivered, and the defendant did not know of the defect when he received it, if he did receive it, and could not with reasonable care have discovered such fact, but proceeded on the assumption that the stock was in a healthy condition, then you should find for the defendant."

It is complained that this instruction is inapplicable to the evidence, and improperly submitted a question of law to the jury; and after a careful examination of the record, we are of the opinion that the complaint is justified.  The evidence discloses that the stock was delivered by a liveryman from Grand Island at the home of defendant.  The latter was absent at the time, and the evidence is conflicting as to what took place there.  Defendant's wife and son, who were at home, testify that they declined to receive it; the latter stating, as he claims, that he was not entitled to do so because he did not buy it, and the former testifying that the trees "were bad and they were dead."  Both state that the liveryman left the trees at the house.  But he denies that any complaint was offered as to their quality. The defendant testifies that on his return, a few days later,

10

he found that his son had buried the trees, but that he examined them, and found they were rotten, and that the roots broke off when handled.    Nevertheless he testifies that he buried them again and the next spring resurrected and planted them, caring for them according to plaintiff's instructions, but that they never grew or sprouted.    He admits, however, he never asked plaintiff or any one representing him to replace the stock.

. We think the evidence thus adduced on behalf of defendant conclusively showed an acceptance of the stock on his part and a waiver of his right to object on the ground of quality.    We may concede that the original delivery at defendant's home during his absence was not binding upon him, though the contract merely called for delivery at Grand Island, and required defendant "to come or send for the goods" there, and plaintiff was thus going beyond his strict legal duty in sending them to defendant's home. But at least after defendant had returned, found the stock there, and made a complete inspection of it, we think it was his duty to take some steps to notify plaintiff that the quality was unsatisfactory, if such were the case, and that the stock would not be received.    We can not reconcile his statement that the trees, when he first saw them, were rotten, so that the roots broke off, with his further testimony that he planted them the next spring and cared for them, apparently expecting them to grow.    At any rate, having elected to keep them and to exercise acts of ownership over them, he waived any objection as to their quality. In *Roman v. Bressler*, 32 Neb. 240, where the subject-matter of the sale was corn, which it was claimed was hot and damaged, this court said: "The defendant accepted the corn, as he claims, with knowledge of its condition.    If it did not fill the conditions of sale he should have refused to receive it."    In Newmark, Sales, section 266, the rule is thus stated and supported by authorities: "The receiving and retaining of the property under the contract with knowledge of such defects, though under objection as to the defective quality of the property, has

the effect of an acceptance of the property delivered, as a performance of the executory contract, and a waiver of the implied condition."

Even where the article sold is delivered for trial and inspection, only, the vendee must act with reasonable promptness in giving notice of objections. As was said in *McCormick Harvesting Machine Co. v. Martin,* 32 Neb. 723, 726, "If after a reasonable fair trial the purchaser finds that it does not conform to the warranty he may return the same. If he retains it beyond a reasonable time he will be deemed to have waived all objections to it." See also *Moline, Milburn & Stoddard Co. v. Pereau,* 52 Neb. 577; *Havens v. Grand Island Light & Fuel Co.,* 41 Neb. 153.

But it is claimed that defendant did not know plaintiff's address, and was therefore unable to notify him of the alleged defective quality of the stock. The evidence fails to show, however, that defendant made the least effort to find plaintiff or to ascertain his address. Defendant testifies that he never even asked plaintiff where he was living. We think, moreover, that there were certain facts brought to defendant's attention which would at least have put him on inquiry as to where plaintiff could be notified. Thus the contract recites at its very beginning that the stock was to be packed at the Arlington Nursery, at Arlington, Nebraska, and plaintiff is described as a "salesman," presumably of that nursery. That this was understood by defendant, seems to be indicated by his answer and counter-claim, in which he alleges that the nursery company is the real party in interest and the owner of the claim sued upon. The evidence discloses that defendant had a copy of this contract, and with all these facts before him, we think it was at least incumbent on him to show that he had made an effort to reach plaintiff by addressing him at or in care of the Arlington Nursery. Again, both plaintiff and the liveryman who delivered the stock testify that they wrote defendant at his post-office at Chapman, relative to the nursery stock. Defendant denies that he

received any notice from plaintiff, but fails to deny the testimony of the liveryman, who was known to defendant's son, as the testimony shows, to be a resident of Grand Island. We do not think that defendant can claim a legal excuse for his failure to give notice of the alleged defects in the nursery stock without showing an attempt to utilize at least one of these different means of reaching plaintiff. The testimony shows that one Wilkinson went out to defendant's farm about the last of May, 1900, to collect plaintiff's bill for the trees. Defendant testifies that he showed the trees to Wilkinson, and that they were dead, while the latter says that only a small portion of them were dead and that the rest were growing. But whichever statement might have been believed by the jury, we can not think that it affects the question of notice, for this was more than seven months after the stock was delivered, and meanwhile defendant had retained and treated it as his own.

Under the terms of the contract plaintiff was entitled to a replacement at half price of such of the stock purchased as failed to grow. We think he would have been entitled to enforce that right in this action had he pleaded it, and shown a proper demand on plaintiff. But we can not think that under the testimony which he himself has produced, defendant was entitled to be relieved entirely of liability for the purchase price of the stock.

There was a conflict in the evidence as to whether three of the trees purchased were ever delivered at all, and plaintiff requested an instruction covering this point, which we think should have been given.

The objection as to the admission of portions of the trees in evidence is not assigned in the petition in error, and the remaining questions are not such as are likely to arise upon another trial.

We recommend that the judgment be reversed and the cause remanded for further proceedings according to law.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.