BEN COHEN v. EDWIN R. HAWKINS ET AL.

FILED JUNE 22, 1905.  No. 13,876.

Sale: ACCEPTANCE. A vendee who accepts and retains goods and consumes them by use, without objection, admits by so doing that they are satisfactorily in compliance with the terms of his purchase as respects character and quality.

ERROR to the district court for Douglas county: EDMUND M. BARTLETT, JUDGE. *Affirmed.*

*A. L. Knabe,* for plaintiff in error.

*Crane & Boucher, contra.*

Ames, C.

The only question in this case is whether the answer states facts sufficient to constitute a defense. The district court held that it does not, and directed a verdict, and entered a judgment accordingly, from which the defendant prosecutes error.

The action is to recover a balance alleged to be due upon an open and running account for merchandise sold and delivered by the assignor of the plaintiff to the defendant. The defendant was engaged in business in Omaha as a retail merchant tailor, and the goods bought were woolens and trimmings for use in his trade. They were purchased and delivered to him in two quantities at agreed prices, one on August 25, 1899, and the other on February 5, 1900, for the aggregate sum of $2,024.61. The defendant received them, and consumed them in the ordinary course of his trade, without objection, and made payments on account of them from time to time, usually of $100 each, and at intervals of about a month, until he had made 18 such payments, aggregating $1,462.50 in amount, the last of them being made on July 29, 1901. The plaintiffs became the assignees of the residue of the claim for value, and in good faith, in June, 1902, and in May of the following year begun this action. The defense is that, at the time the defendant agreed to purchase the goods on August 15, 1889, it was represented to him by the vendor that they "should all be of the very best quality and materials, and up to date in quality and color in every respect, and that all the goods that would be forwarded to him should be fully worth the price therein charged," but that the goods, "at the time they were delivered to the defendant, were all of a worthless, rotten and inferior quality, and were entirely unfit for the purposes for which they were intended," and that the statements of the vendor with reference thereto were false and fraudulent, and that therefore the defendant had never incurred any liability by reason of the transaction,

and his payments on account thereof were made without any consideration. So far as appears, the averments of the answer are the first complaint made by the defendant concerning the quality of the goods or the alleged breach of his contract by his vendor.

The case is ruled, undoubtedly, by the decision of this court in *Hazen v. Wilhelmie*, 68 Neb. 79. A vendee who accepts and retains goods and consumes them by use, without objection, admits, by so doing, that they are satisfactorily in compliance with the terms of his purchase as respects character and quality. We therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.

SEDGWICK, J., not sitting.