UNITED STATES SUPPLY COMPANY, APPELLEE, v. J. E. VLASNIK ET AL., APPELLANTS.

FILED NOVEMBER 9, 1907. No. 14,927.

Appeal: JUDGMENT ON PLEADINGS. Where a general demurrer is sustained to an answer and judgment by default entered on the allegations of the petition for want of further plea by defendant, error in sustaining the demurrer should be held to be without prejudice, if, on the pleadings as they stood with the answer on file, plaintiff was entitled to judgment for a sum not less than that for which judgment was taken.

APPEAL from the district court for Knox county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Isaac Powers, H. F. Barnhart* and *E. A. Houston,* for appellants.

*W. A. Meserve,* contra.

JACKSON, C.

The plaintiff's action is on an account for goods sold and delivered at an agreed price of $925.70, upon which the defendants are credited with $794.55, leaving a remainder of $131.15, for which sum, with interest, the plaintiff asked judgment. An itemized statement was attached to the petition, and is as follows:

"725 ft. 8″ Blk. Std. Wrt. I. Pipe. 61x2½

2 8″ Ludlow I. B. Br. Mtd. Gates 50x5

1 8″ 45 O. C. I. Flanged Ell Drilled

2 8″ Flanges Drilled to fit do.

1 8″ Long sweep Ell.

20 ft. 6″ Blk. pipe perforated ¾x6″

slots 5 to circumference of tip

2″ between rows, beak joint.

2½ ft. ⅛ Rainbow Pack

1 18″ Trimo Wrench."

The answer was, first, a general denial, and, second, an allegation that "on or about the 9th day of July, 1903, the plaintiff, through its salesman and duly authorized agent, sold the defendants herein 725 feet of 8″ black standard wrought-iron pipe, which 8″ black standard wrought-iron pipe weighed 28.18 pounds a foot, and the same was purchased at the stipulated sum of $789.36; that thereafter, contrary to and in violation of said order, contract and agreement between the defendants and said agent acting for and on behalf of the plaintiff, the plaintiff shipped to the defendants at Niobrara, Nebraska, 725 feet of well casing, weighing less than 28.18 pounds a foot, and not more than 24 pounds a foot, and pipe of a cheap and inferior grade, instead of 8″ black standard iron pipe, as provided for in said order and contract and agreement aforesaid, and that the well pipe so shipped to defendants was of the market value of $658.21, and no more; that the defendants did not discover the grade of said well pipe, nor that the same was only 24 pounds and less than 28 and a fraction pounds a foot, and was not 8″ black standard

wrought-iron pipe, until too late to countermand said order, and not until after the same was delivered to the defendants, but, notwithstanding the violation of said order and agreement, the defendants, soon after receiving said merchandise, paid the plaintiff the sum of $658.21, the full market price and value of the casing so shipped, and the defendants are not now indebted to the plaintiff in the sum of $131.45, or in any sum or amount whatsoever." The trial court sustained a general demurrer to the answer, and the defendants declining to plead further, the plaintiff had judgment by default on April 24, 1906, for the sum of $152.90, from which the defendants appeal.

The trial court may have erred in sustaining a general demurrer to the answer, which put in issue the purchase of the articles contained in the itemized statement other than the pipe there described, but, as we view the case, it was error without prejudice. It appears from the answer of the defendants that they contracted to purchase of the plaintiff 725 feet of iron pipe at an agreed consideration of $789.36, and that, after discovering the fact that the pipe was not of the quality agreed upon, they retained it without complaint, and paid $658.21 of the purchase price. If the pipe was not of the kind and quality ordered, the defendants should have refused to receive or retain it, but, having accepted it with the knowledge of its quality, they are bound for the contract price. *Roman v. Bressler,* 32 Neb. 240; *Hazen v. Wilhelmie,* 68 Neb. 79. The plaintiff therefore could have taken judgment on the pleadings for the difference between the contract price and the amount paid, which is the sum of $131.15. This, it will be noticed, is the exact sum for which the plaintiff prayed judgment, and with interest computed at the lawful rate from the date when the account would commence to draw interest is somewhat more than the amount for which the plaintiff actually took judgment.

It is insisted, however, by defendants that in no event

was the plaintiff entitled to judgment by default. They appeal to section 134 of the code, relating to proof of allegations of value, but there is no question of value involved; it is one of contract price, concerning which there is no dispute.

It follows that the judgment of the district court should be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.