JOSEPH C. WHEELER, APPELLEE, V. DIETZ HILL DEVELOPMENT COMPANY, APPELLANT.

279 N. W. 157

FILED APRIL 8, 1938. No. 30243.

*Dwyer & Dwyer* and *G. W. Duvall,* for appellant.

*W. A. Robertson* and *Lloyd E. Peterson, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is an action to recover an alleged unpaid debt of $1,450 due plaintiff from defendant under a written contract executed by them September 11, 1934. The writing designated plaintiff, J. C. Wheeler, "party of the first part," and defendant, Dietz Hill Development Company, "party of the second part." The contract permitted defendant to enter upon a 50-acre tract of plaintiff's land in Cass county and quarry and remove rock therefrom upon the following terms and conditions:

"Party of the second part will enter said premises and build all buildings necessary for the quarrying of rock, having the right to remove same upon completion of the work, to excavate the rock, to fill rip-rap contracts which party of the second part may procure from contractors doing government work upon the Missouri river, said rock to be of dimensions not less than 3 inches thick nor weighing less than 30 pounds and to stand inspection of the United States engineers and to be paid for by party of the second part at the rate of 10—ten cents per cubic yard as measured by the United States engineers and paid for at that rate at the time the United States government's estimates are paid to the contractor. * * *

"It is further agreed that the second party has the right of ingress and egress to and from the public road at such point or points as will be most convenient to them for the

operation of said quarry and to remove fencing surrounding said property for such purpose.

"All dirt and refuse from said quarry shall be thrown in the place from which the rock is taken, or on the ground adjacent thereto, and second party is to bear the expense of building its own road and to pay the first party, or his tenants, a reasonable sum for all crops damaged or destroyed, said amount to be agreed upon between the parties at or before the destruction of said fields."

In an answer to the petition defendant admitted execution of the contract, and that it entered upon the premises of plaintiff and removed rock after September 11, 1934, but alleged it paid therefor according to the measurements made by the United States engineers pursuant to contract. Unadmitted allegations of the petition were denied. The reply to the answer contained a general denial.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $1,200. From a judgment therefor, defendant appealed.

It is argued as a ground of reversal that plaintiff did not prove any unpaid debt due under the contract. This proposition is based on defendant's interpretation of the contract and on its understanding of the evidence. It is contended that 7,139.25 cubic yards only were measured by the United States engineers, and that of this quantity 20 per cent., or 1,427.85 cubic yards, were rejected, leaving 5,711.40 cubic yards for which defendant agreed to pay at the price stipulated; that plaintiff received $625 and was overpaid.

This view disregards the place of inspection and eliminates rock taken by defendant from the premises but not used "to fill rip-rap contracts" which defendant procured "from contractors doing government work upon the Missouri river." The contract does not specifically designate a place of inspection. In view of such an omission, inspection is at the place of delivery, according to the general rule. 55 C. J. 423. There is evidence it was so understood by defendant. Inspection was a privilege which de-

fendant could waive. There is evidence that quantities of rock were quarried, removed and used by defendant without inspection of government engineers at the quarry, though opportunity therefor was given at that place. Liability for the contract price was therefore created. *Roman v. Bressler,* 32 Neb. 240, 49 N. W. 368; *Hazen v. Wilhelmie,* 68 Neb. 79, 93 N. W. 920. There is no issue of *quantum meruit.*

The dimensions of the excavated area were open for measurements and calculations. There is evidence that defendant received in the neighborhood of 22,000 cubic yards and that about 20 per cent. of the rock was objectionable. Deducting objectionable rock and crediting defendant with $625 which it paid, the verdict for $1,200 is sustained by the evidence. Having reached these conclusions on the controlling questions of law and fact, rulings of the district court on evidence and in giving and refusing instructions are found to be without error prejudicial to defendant.

AFFIRMED.