## HARRY H. LATHAM *vs.* ADAM C. BAUSMAN.

### July 3, 1888.

**Sale on Approval—Obligation of Purchaser.**—Upon a sale of personal property, the purchaser to have 30 days to try if it be as represented, he is bound to keep and pay for it, if he do not, within or at the end of that time, give notice to the seller that it is not as represented, and offer to return it.

**Same—Pleading.**—An allegation in an answer that the purchaser "has duly offered to return, and has been ready and willing to return, said ——— to plaintiff ever since its insufficiency for the purposes aforesaid was ascertained," does not show compliance with this condition.

Appeal by defendant from a judgment on the pleadings, entered in the district court for Hennepin county, pursuant to order of *Lochren,* J.

*Hiler H. Horton,* for appellant.

*Torrance & Fletcher,* for respondent.

GILFILLAN, C. J. Appeal from a judgment ordered for plaintiff on the pleadings. The complaint was for the price of a gas-engine, alleged to have been sold by plaintiff to defendant, the latter to take it upon 30 days' trial, and, if found as represented, defendant to pay plaintiff the price of $500, less 5 per cent., in cash, or one-fourth of the price in cash, the other three-fourths to be secured by three equal promissory notes at two, four, and six months, respectively. On such a sale the purchaser would have to determine whether the engine was as represented, and, if not as represented, to so notify plaintiff within or at the end of the 30 days, and offer to return it; in other words, refuse to keep it. If he allowed the time to pass without making any complaint, plaintiff had a right to assume that it was satisfactory, and require him to pay the price. The answer, which lacks precision of statement, so that it is not easy to determine what is intended to be stated, admits the agreement to purchase an engine, and that defendant agreed to pay for the same $500, "at the times and in the manner in said complaint set out." It alleges, also, in substance, that the sale was on condition that if, on trial, the engine was not in accord-

ance with the representations made by plaintiff, the defendant need not accept nor pay for it. The court below undoubtedly considered—and it was right in so considering—that the terms of the sale as set forth in the complaint are substantially admitted by the answer, with this difference: that it sets forth representations by plaintiff as to the character and capacity of the engine, not stated by the complaint; and also sets forth an agreement, as part of the terms of sale, that in case the engine did not prove satisfactory, "as aforesaid," (*i. e.*, after such trial,) plaintiff would reimburse defendant certain expenses he might make in testing it. These expenses are stated as a counter-claim. The answer contains the allegation that defendant "has duly offered to return, and has been ready and willing to return, said engine to plaintiff ever since its insufficiency for the purposes aforesaid was ascertained," without stating notice to plaintiff of any defect in the engine as a reason for it, or when this was done,—whether at the end of the 30 days or afterwards. As the answer substantially admits that the sale was subject to a trial by defendant for 30 days, as alleged in the complaint, no defence or counterclaim could be predicated upon any such offer unless made within or forthwith after the end of the 30 days, nor unless accompanied with notice to plaintiff that the engine did not meet the representations on which the sale was made. The answer was therefore, as to the new matter alleged, insufficient to do away with the effect of its admissions as to the terms of sale.

Judgment affirmed.