52  577
d54  747

# MOLINE, MILBURN & STODDARD COMPANY V. LAWRENCE PEREAU.

### FILED NOVEMBER 4, 1897.  No. 7484.

Sale of Ricker: WARRANTY: NOTICE OF DEFECTS. By the terms of a contract for the sale of a hay "ricker," warranted by the vendor, the vendee was to retain the ricker "for trial" to a certain date;

41

and if it complied with the warranty he was then to execute his notes for the purchase price; and if it failed to comply with the warranty he was at that date to notify the vendor thereof. The vendee did not notify the vendor of the failure of the ricker to comply with the warranty until after the date fixed therefor in the contract, and retained the machine. *Held,* That by reason of the failure of the vendee to give the notice at the time agreed in his contract the sale became absolute.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J. *Reversed.*

*Gaslin, Newman & Hallowell,* for plaintiff in error.

References: 1 Parsons, Contracts [5th ed.],539; *Prairie Farmer Co. v. Tailor,* 69 Ill., 441; *Butler v. School District,* 24 Atl. Rep. [Pa.], 308; *Stultz v. Loyal-Hanna Coal & Coke Co.,* 18 Atl. Rep. [Pa.], 875; *Johnson v. MacLain,* 43 Am. Dec. [N. Y.], 103; 21 Am. & Eng. Ency. Law, 517; *Washington v. Johnson,* 7 Humph. [Tenn.], 468; *Reed v. Randall,* 29 N. Y., 363; *Gaylords Mfg. Co. v. Allen,* 53 N. Y., 515; *Dewey v. Erie Borough,* 53 Am. Dec. [Pa. St.], 533; *Barton v. Kane,* 18 Wis., 275; *Boothby v. Scales,* 27 Wis., 637; *Burton v. Stewart,* 20 Am. Dec. [N. Y.], 694; *Owens v. Sturgis,* 67 Ill., 267; *Voorhees v. Earl,* 2 Hill [N. Y.], 291; *Casey v. Gruman,* 4 Hill [N. Y.], 625; *Maxwell v. Lee,* 34 Minn., 511; *Olson v. Mayer,* 56 Wis., 555; *McCormick v. Martin,* 32 Neb., 726.

*W. D. Oldham, contra.*

RAGAN, C.

In the district court of Buffalo county, Moline, Milburn & Stoddard Company sued Lawrence Pereau to recover the purchase price of a hay ricker which the company alleged it had sold and delivered to him at an agreed price. Pereau answered that he purchased the ricker on trial with the agreement that if after giving it a fair trial it should do satisfactory work then he should pay $80 for it; that he gave the ricker a fair trial and it did not do satisfactory work. The jury found a verdict in

favor of Pereau, whereupon the district court dismissed the company's action and it prosecutes error.

1. The undisputed evidence in the case shows that about the middle of August, 1891, the company, through its agent, entered into a contract with Pereau in and by which it sold to him for $80 the ricker sued for, warranting it to do good work. Pereau was to give the ricker a fair trial, and if it proved satisfactory he was to execute to the company his two promissory notes of $40 each therefor; that about the 25th of August the company delivered the ricker to Pereau, who in connection with the company's agent put up the ricker and tried it, and Pereau then expressed himself as being entirely satisfied with it; whereupon the company's agent made out the notes for him to sign according to the contract; but Pereau then requested that he might be given one more day's time in which to try the ricker, and promised the company's agent that if he was given such additional time,—if the machine on another day's trial proved satisfactory,—he, Pereau, would sign the notes which the agent left with him and transmit them to the company's place of business in Omaha; and if the machine did not prove satisfactory he, Pereau, would telegraph the agent to that effect at Grand Island. The company's agent accepted this modification of the original contract of sale and Pereau retained the machine. He did not execute the notes, and he did not notify the company or its agent by wire or otherwise of his dissatisfaction with the machine until the 5th day of October following.

The contract between the parties as finally modified at the time the machine was put up was a conditional sale of this property to Pereau, or a sale on trial, and if the parties, by their contract, had not fixed a time in which Pereau should try the machine then he would have had a reasonable time in which to try it, and if found unsatisfactory to notify the seller of his trial and the unsatisfactory work of the ricker; and whether from the latter part of August to the 5th of October was a reasonable

time in which to try the ricker would have probably been a question of fact for the jury. (*Boothby v. Scales,* 27 Wis., 626.) But since the parties fixed a time in which Pereau should try the ricker, and if found unsatisfactory advise the company thereof, his failure to advise the company within the time fixed by the contract made the sale absolute.

In *Johnson v. McClane,* 7 Blackf. [Ind.], 501, two persons exchanged horses with a privilege to one of the parties to return the horse received by him within a given time. The party neglected to return the horse received within that time and the court held that the exchange or the sale thereby became absolute. In *McCormick Harvesting Machine Co. v. Martin,* 32 Neb., 723, it was held that one who purchased a machine under a warranty, with leave to return it after a fair trial if found not to comply with the warranty, and failed to return it within a reasonable time, would be deemed to have waived the objections to the machine.

The verdict of the jury is not sustained by sufficient evidence, and the judgment based thereon is reversed and the cause remanded.

REVERSED AND REMANDED.