NORTHERN ELECTRICAL MANUFACTURING COMPANY, Respondent, vs. H. M. BENJAMIN COAL COMPANY, Appellant.

*December 2—December 16, 1902.*

*Sales of chattels: Warranty: Notice of breach: Condition precedent: Reasonable time: Sufficiency of notice: Waiver: Prejudicial error.*

1. By a contract for the sale of an electric motor the seller made certain warranties, and it was agreed if, on starting the motor, it did not comply with the warranty the purchaser should "promptly notify" the seller at his address "by telegraph or mail, stating wherein said machinery is faulty," no time limit being stated. *Held,* that compliance with such requirement was a condition precedent to the existence of any claim under the guaranty, and that such compliance must be within a reasonable time after starting the motor.

2. In such case, a delay of two and one half months in notifying the seller of defects claimed to exist, is not a reasonable time.

3. In such case notice that the machine "did not perform the work which it was required to do" does not comply with the requirement that the purchaser should notify the seller "wherein the machine was faulty."

4. The seller of a machine warranted it, providing the purchaser, on receiving and starting the machine, promptly notified the

seller, by mail or telegraph, of any defects claimed. The seller acted upon and remedied a slight defect, which developed before the machine was set up. There was evidence that communications passed between the seller and its agent about the purchaser's having trouble with the machinery subsequent to the difficulty that was remedied, but that the seller did not act on the later information. *Held*, that the seller did not thereby waive the conditions of the guaranty requiring notice.

5. Error in not directing a verdict in favor of a party is cured by a general verdict in his favor.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to recover the purchase price of an electric motor. Defendant pleaded breach of warranty as a defense, and counterclaimed for damages suffered from such breach. It also alleged as defensive matter that the written contract was intended to have been executed in duplicate; that two papers were signed by defendant upon plaintiff's assurance that they were in fact what they purported to be; that both papers were prepared by plaintiff for execution; that after they were signed one was retained by it and the other delivered to defendant; that the latter contained these words as regards the terms of payment: "Cash when tested and found satisfactory;" that the former contained the same words when executed, but that after the transaction was closed, and without defendant's knowledge, plaintiff fraudulently changed such words to read: "Cash when tested and found according to guaranty, test to be immediately upon completion of erection."

The contract contained these provisions:

"The *N. E. M. Co.* guaranties all motors and generators of its manufacture to be of first-class workmanship and first-class standard materials and capable to perform fully up to their rated capacities upon which they are sold, and it is agreed that each machine purchased herein shall be subjected to a thorough test in said company's shops before shipment,

and that if upon receiving and starting said machinery, the purchaser claims that in any way it does not comply with the terms of this contract, he shall promptly notify the company at Madison, by. telegraph or mail, stating wherein said machinery is faulty, and said company shall promptly send a representative to make an inspection and remedy the defects, if any, without charge to the purchaser, but, in case it is found the apparatus does comply with the contract and that the purchaser or his representative is at fault, then the purchaser shall pay the N. E. M. Co. all expenses consequent upon his mistakes.

"It is further agreed that the N. E. M. Co. shall make good for the period of one year from the date of shipment any part of any of said machines which may develop defects due to faulty material or shop-work, provided it is fairly shown the machinery has been properly used and operated as intended, the purchaser agreeing to notify said company at Madison, Wis., promptly. according to the above agreement, if any defects are claimed."

.      .      .      .      .      .      .      .      .      .

"Erected in your yards according to attached blue print. *Benjamin Coal Co.* to furnish large friction wheel and eccentric box and do all the necessary wiring.

"The *Northern Elect. Co.* guaranties this outfit to work as well as the steam hoist now in use, and to hoist a weight of 4,000 lbs. at a rate of 150 ft. a minute, or less rate at proportionately higher speed."

It was alleged in the defensive matter contained in the answer and in the counterclaim as well, that the apparatus was not capable of hoisting one third as much as could be hoisted by the steam hoist referred to in the written contract and mentioned in the guaranty; that the apparatus was never put in a condition to do practical work; that upon being tested it proved unsatisfactory; that thereafter defendant duly notified plaintiff as provided in the contract, that it was not satisfactory and would not perform the work it was guarantied to do; that plaintiff has never attempted to remedy the defects in the apparatus, and that it has never been accepted by defendant.

The evidence was to the effect, among other things, that the notice of defects given to plaintiff at Madison, Wisconsin, in compliance with the terms of the contract on that subject, was contained in the following letter:

"Milwaukee, 8 /29 / 1900.

"Northern Electric Co.,

"Madison, Wis.

"*Gentlemen:*—We are in receipt of your telegram of this day, asking when we would send remittance. We have been endeavoring to give this motor a fair trial for some time, and during the last two or three days we have certainly given it a fair chance to show its merits or demonstrate its ability to live up to the guaranty which your company gives. So far we have been unable to get it to perform the work which it was bought to do. If you will communicate with your Mr. Whitfield, I think he will bear us out in this statement. We certainly do not want to pay for this motor unless it is going to be able to do the work which your representative guaranteed it would do. Yours truly,

"H. M. BENJAMIN COAL Co.,

"C. W. MOODY, V. P."

After such letter was received, plaintiff sent defendant the following letter:

"September 3, 1900.

"H. M. Benjamin Coal Company,

"Milwaukee, Wisconsin.

"*Gentlemen:*—Referring to our favor of recent date in which we stated that before we could intelligently answer your last letter we would have to confer with our Milwaukee representative, would say that we have done this and are to-day in receipt of his reply, copy of which we herewith enclose, and we trust that you will favor us with check for the amount. As it is, the matter has certainly dragged along an unusual length of time, and if the machine does not fulfill the terms of the contract we would thank you to advise us immediately wherein it does not, in order that we may get the matter rectified at once. Please let us hear from you by return mail and oblige, yours truly,

"NORTHERN ELECTRICAL COMPANY,

"By F. L. STAGG,

"Assistant Secretary."

Such letter was not replied to. There was evidence that the apparatus did not come up to the guaranty, and no evidence that plaintiff acted upon the letter of August 29th, or upon any notice received by its agent, by endeavoring to remedy any defects that might be in the apparatus. There was evidence that defendant notified plaintiff's agent in Milwaukee that the apparatus was not satisfactory and would not be accepted, and that it would be held subject to plaintiff's order. There was, in the judgment of the court, conflicting evidence as to whether the apparatus was accepted by defendant. Therefore a motion on the part of plaintiff for the direction of a verdict was denied, due exception being taken to the ruling. The jury rendered a verdict in plaintiff's favor for the amount claimed in the complaint. Judgment was rendered accordingly, all questions being reserved for review upon appeal by the defendant, presented for consideration and discussed in the opinion.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. H. Remington.*

For the respondent there was a brief by *Spooner & Ellis,* and oral argument by *Willet M. Spooner.*

MARSHALL, J. As we view the record in this case it was the duty of appellant, promptly after the machine was started up and put into the service for which it was purchased,— which seems, unquestionably, to have occurred June 17, 1900,—to decide whether such machine fulfilled the contract, and, if the conclusion was unfavorable, to notify respondent thereof at Madison, Wisconsin, by telegraph or mail. That is what was agreed upon in these words:

"If upon receiving and starting said machinery, the purchaser claims that in any way it does not comply with the terms of this contract, he shall promptly notify the company at Madison by telegraph or mail, stating wherein said machinery is faulty."

Compliance with that requirement was a condition pre-cedent to the existence of any claim under the guaranty. Notwithstanding the duty of appellant as indicated, twenty-two days after the machine was started, it wrote respondent, promising payment in a short time, and making no complaint whatever but that the machinery was satisfactory. It wrote again a few days thereafter, making an excuse for nonpayment of the purchase money, but finding no fault with the machinery. It wrote again nearly a month thereafter, and more than two and one-half months after the machine was put into service as aforesaid, in which, though complaint was made that it did not come up to the calls of the contract, no attempt was made to state wherein it failed to do so. It is not claimed that there was any attempt to comply with the conditions of the warranty in respect to notice of defects except by the letter of August 29, 1900. That such letter was not a reasonable compliance with such condition seems too plain to require any discussion whatever. It contained no specification of defects. Therefore the condition upon which the machinery was warranted was never satisfied. If we were to hold that the letter of August 29th was a sufficient compliance with such condition as to mere matter of form, it would not avail appellant, as the time for it to notify respondent that the machinery was not according to the contract, stating wherein it was not, expired as a matter of law as soon as it had a reasonable time after June 17, 1900, to communicate with respondent at Madison, Wisconsin, in the manner agreed upon. Certainly, two and one-half months was too long for that purpose. If authorities were needed to support the views here expressed, *Nichols & S. Co. v. Chase,* 103 Wis. 570, 79 N. W. 772, and *Trapp v. New Birdsall Co.* 109 Wis. 543, 85 N. W. 478, would be ample for that purpose. It follows that, construing the warranty contained in the contract, with the condition precedent to appellant's right to any benefit thereunder, no actionable breach of contract is dis-

covered, but on the contrary an acceptance of the machinery as satisfying the contract is established.

Some claim was made on the oral argument that respondent, by its conduct, waived the condition of the contract as to notice, above discussed. We are unable to discover anything in the record to warrant that view. There was evidence that respondent acted upon information respecting a slight defect in the machinery, which developed before it was put into the service for which it was purchased, and that the defect was remedied. There is also evidence of some communication having passed between respondent and its agent about appellant's having trouble with the machinery subsequent to the difficulty that was remedied. But there is no evidence that respondent received any information from its agent in that regard which was acted upon, other than in the instance mentioned. Mere information of defects in the machinery, communicated to respondent in a manner different from that stipulated in the contract, not acted upon, in lieu of the notice agreed upon, did not operate to waive the condition of the guaranty. *Davis v. Butrick,* 68 Iowa, 94, 26 N. W. 27; *Massachusetts L. & T. Co. v. Welch,* 47 Minn. 183, 49 N. W. 740.

The result of the foregoing is that the court erred in appellant's favor in not directing a verdict for respondent. That was cured by the verdict which the jury rendered. The judgment is right regardless of whether the errors assigned by appellant would in any event require a reversal thereof. Therefore it is unnecessary to discuss such errors or even give place to the statement of them in this opinion.

*By the Court.*—The judgment is affirmed.