STURTEVANT MILL COMPANY, DEFENDANT IN ERROR, v.    KINGSLAND    BRICK    COMPANY, PLAINTIFF    IN ERROR.

Submitted July 9, 1906—Decided March 26, 1907.

1. Where the contract for the sale of a machine on trial contains a guaranty of the capacity of the machine, and provides that if after thirty days' trial the machine does not prove satisfactory the defendant will load it on cars at its works immediately after the expiration of the thirty days' trial, if upon trial the machine proves unsatisfactory because of its failure to do the amount of work guaranteed, the defendant must comply with this provision of the contract in order to escape liability to pay for the machine. He cannot retain the machine and by giving notice to the plaintiff of its failure to fulfill the guaranty rescind the contract and escape liability to pay the price agreed upon.

2. The guaranty contained in the contract will not afford the defendant a ground to recoup against the agreed-upon price of the machine the expense to which he has been put in making the test provided for in the contract in the absence from the contract of any provision that the seller should pay the expenses of such test.

---

On error to the Supreme Court.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Addison Ely.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff brought its action upon the following order of the defendant, which the plaintiff had accepted:

"NEW YORK, April 12th, 1904.

*"Sturtevant Mill Co., Stephen Girard Building, Phila., Pa.:*

"All communications should be addressed to our New York office.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"Please deliver to our Kingsland plant the following: One set of standard centrifugal rolls, 36-in. diameter by 6-in. face, as specified in your catalogue, No. 8, page 44, you to guarantee the capacity of seven tons per hour or seventy tons per day of ten hours, to be ground fine enough to go through No. 20 mesh Dunlap screen, the price to be $1,600, F. O. B., Boston, Mass., together with automatic feeder, for which we will pay $100 additional. If, however, the feeder will not be found necessary after trial, you to give us credit for it after return of same, we to have a trial of thirty days of above specified rolls, the rolls to be erected at once after arrival at our plant at Kingsland, N. J., trial to be given at once after completion of erection.

"If after thirty days' trial the rolls do not prove satisfactory, we will load them on cars at our plant immediately after the expiration of above specified time.

"If rolls prove satisfactory, terms to be $850 at expiration of trial and $850 thirty days thereafter.

"You to furnish a competent man to superintend the erection of said rolls.

"Machinery to be shipped within ten days from the date of this order.

"The rolls remaining your property until paid for in full.

"(Signed) KINGSLAND BRICK COMPANY,

"Per M. M. TANNENBAUM,

*"Pres.*

"Deliver no goods without this order."

Also a telegram as follows: ·

"April 19th, 1904.

"*Sturtevant Mill Company, Stephen Girard Building, Phila.,
Pa.:*

"We will not hold you liable for any expenses or losses contingent with installing or operating the machines except what our order calls for.

"KINGSLAND BRICK COMPANY."

The plaintiff furnished the rolls, and they reached Kingsland April 29th, 1904.

Mason, the plaintiff's machinist, arrived at Kingsland May 9th, 1904, to superintend the erection of the rolls. The rolls began to run June 4th. The installation of the rolls was completed June 16th. The test of the rolls to their full capacity began June 18th. The defendant tested the rolls, and July 8th, Tannenbaum, the defendant's president, stated to Hallett, the agent of the plaintiff who had obtained the order, that the rolls would have to go back.

July 14th, 1904, defendant telegraphed the plaintiff: "Am arranging for reshipment of rolls."

So far as appears, after thirty days' trial the rolls were not loaded on cars at the defendant's plant immediately, or at any other time after the expiration of the time specified for their trial. They remained in possession of the defendant, at its works, up to the time of the trial, and have not been paid for. The trial resulted in a judgment for the plaintiff for the price agreed upon in the contract. The defendant having upon the trial moved for a nonsuit and for direction of a verdict, and both motions being denied and exceptions taken, the case for these alleged errors and others is before this court.

The defendant, by notice annexed to its plea of the general issue, claimed to recoup against the plaintiff, as damages for breach of the guaranty, moneys expended in the erection of a foundation for the rolls in question and in procuring belting for the rolls, and to recover these moneys because the rolls, after thirty days' trial, did not prove satisfactory in that they

did not have the capacity guaranteed by the contract, and the plaintiff had been notified of that fact.

The answer to the plaintiff's demand for payment is that the rolls were sold with a guaranty of capacity; that there has been a breach of that guaranty, and recovery results therefrom; also, that the defendant is entitled to recover from the plaintiff the expenses of demonstrating the breach of the guaranty.

The contract provided that the defendant should have a trial of the rolls for thirty days, the rolls to be erected at once after arrival at defendant's plant, and the trial to be given at once after completion of erection.

There is no provision in the contract that the plaintiff is to furnish and erect the foundation for the rolls, only to furnish a competent man to superintend the erection of them, and when we consider the telegram of the defendant to the plaintiff of April 19th, which is part of the contract, that the defendant would not hold the plaintiff liable for any expenses or losses contingent with installing or operating the machine except what the order calls for, we cannot escape the conclusion that the plaintiff was not to be in any way liable for the cost of the foundation, and if this is so, we cannot suppose that the parties to the contract contemplated that the plaintiff should pay for the foundation by the way of recoupment for the failure of the rolls to do the work guaranteed in the contract.

Had the clause "if after thirty days' trial the rolls do not prove satisfactory we will load them on cars at our plant immediately after expiration of above specified time" been omitted, the defendant, upon failure of the rolls to stand the test as to capacity, would have been entitled, upon notice to the plaintiff of such failure, unless relieved by some act of the plaintiff, to declare the contract rescinded. *Starr* v. *Torrey, 2 Zab.* 190; *Smalley* v. *Hendrickson, 5 Dutcher* 371; *Smith* v. *York Company,* 29 *Vroom* 242; *Woodward* v. *Emmons, 32 Id.* 281; *Underfeed Company* v. *Hudson Company,* 41 *Id.* 649; *Columbia Company* v. *Beckett Company,* 26 *Id.* 391. But even in such case, we are not able to see how the

defendant would, under this contract and telegram, have any
ground to recover for the cost of the foundation.    The only
effect of a breach of such a guaranty in such a contract of
sale must be to rescind the contract and prevent a recovery of
the price, if it has not been paid, or authorize the recovery
back of the moneys paid by the buyer to the seller, if the
price, or any part, has been paid.   It cannot be that when one
uses the property of another under an agreement to buy it if
upon trial it meets certain requirements the cost and ex-
penses of the trial are to be paid by the owner unless it is so
expressly agreed.

In the contract in question the parties have made special
provision as to what shall happen in case the rolls upon trial
did not prove satisfactory, viz., the defendant was to load
them on cars at its plant immediately after the expiration of
the thirty days' trial.    The defendant cannot substitute a
right to rescind the contract for breach of the guaranty con-
tained in it, upon notice to the plaintiff, for what he has
agreed in his contract he will do upon the happening of such
breach, nor can he add to the contract such additional right.

The plaintiff was entitled to recover the price of the rolls .
agreed upon in the contract, and the motions of the defendant
for nonsuit and for direction of a verdict were properly re-
fused.

Another error assigned is the failure of the trial judge to
properly interpret the meaning of the word "immediately,"
as used in the contract, referring to the time of loading the
rolls upon the cars upon proving unsatisfactory.

Even if the charge was erroneous in this respect, it was not
harmful to the defendant, for it appeared that the defendant
had never loaded the rolls upon the cars, neither immediately
after the thirty days, nor within thirty calendar days after,
nor within thirty days excluding Sundays and holidays, nor
within any extended time, proved by the evidence.

It was therefore unnecessary for the judge to charge the
jury as to the meaning and effect of the thirty-days clause,
or of the word "immediately" used in that clause.

It is also claimed that there was evidence to show that the

plaintiff had, by its conduct, consented to an extension of the time of payment, because there were negotiations between the plaintiff and the defendant for the payment of a less price for the machine than that contemplated by the contract.

Hallett, who got from the defendant the order in this case, was a salesman for Borton & Tierney Company, who were sales agents for the plaintiff, testified that there were some negotiations between him and the president of the defendant company about throwing off $250 on the price; that he, Hallett, said he would submit it to the home office; that he did so, and they refused to make concession. There is also some further evidence as to talks between Tannenbaum and Hallett about reduction in price and about putting the machine on the cars, but there is no evidence anywhere to show that Hallett had any authority to negotiate with the defendant, or to make any change in the contract which had been entered into between the plaintiff and the defendant. The plaintiff constantly insisted upon the performance of the contract by the defendant.

On the 11th of July, 1904, the plaintiff telegraphed to the defendant as follows: "Please pay for Kingsland rolls or return immediately. No desire to force machine on you, but must ask decision now. Please wire it," and continued to demand return of the rolls or payment for the same by numerous telegrams until the 22d of July, 1904.

We have examined the other alleged errors, but do not find in them any substance.

The judgment below is affirmed.

*For affirmance*—The Chief Justice, Garrison, Fort, Garretson, Hendrickson, Bogert, Vredenburgh, Green, Gray, J.J.   9.

*For reversal*—The Chancellor, Pitney, Swayze, Reed, Trenchard, Vroom, J.J.   6.