# DULUTH LOG COMPANY v. JOHN C. HILL LUMBER COMPANY.[1]

February 11, 1910.

Nos. 16,337—(120).

**Sale — Action for Price — Contract Severable.**

Plaintiff brought an action to recover the price of three carloads of No. 1 white cedar shingles sold to defendant. Two cars were accepted and paid for. The third car was not accepted, because of inferior grade and quality, and because they were not made by plaintiff. It is *held* that the contract as to the three cars was separable, so that defendant's payment and plaintiff's acceptance of payment for two cars did not prevent defendant from defending in an action to recover the purchase price of the third car, nor the plaintiff from beginning such an action. McGrath v. Cannon, 55 Minn. 457, followed and applied.

**Same — Findings Sustained by Evidence.**

The evidence reasonably supported the findings of the trial court that the agreement was to furnish plaintiff's No. 1 white cedar shingles and good shingles; that in point of fact the shingles were not plaintiff's, and were practically worthless; that defendant did not accept the third car, but notified plaintiff of his refusal to accept the goods as shipped.

**Refusal to Accept — Interference with Seller's Title.**

A buyer, seeking to reject an article as not in accordance with the contract of sale, must do nothing after he discovers the true condition inconsistent with the seller's ownership of the property.

**Same — Burden of Proof.**

In an action for the price of goods sold, which defendant refused to accept, because not in accordance with the contract, the burden was upon plaintiff to show affirmatively that defendant's subsequent dealing was inconsistent with plaintiff's ownership, so as to negative a rescission by defendant.

1Reported in 124 N. W. 967.

Action in the municipal court of St. Paul to recover $236.60, balance alleged to be due upon the purchase price of three carloads of No. 1 white cedar shingles. The allegations of the answer and reply are stated in the opinion. The case was tried before Finehout, J., who made findings and as conclusion of law found in favor of defendant. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Orr, Stark & Collett,* for appellant.

*A. E. Horn,* for respondent.

JAGGARD, J.

Plaintiff and appellant brought this action to recover the price of "three carloads of plaintiff's No. 1 white cedar shingles," sold to defendant and respondent. The answer alleges that the shingles were originally ordered to be delivered in carload lots to the North Star Lumber Company (for convenience hereafter to be referred to as the Lumber Company) at named places and points; that three carloads were shipped to certain points, and there delivered to the said Lumber Company; that two cars were accepted and paid for; but that the car delivered at Glencoe was not accepted, because of inferior grade and quality, because not made by plaintiff. Defendant also counterclaimed, claiming the difference between the market value of the other two cars as contracted for and as delivered, and on the Glencoe car for the difference there between the contract price and the market value. The reply admitted that plaintiff received full payment as to the two cars, and raised issue as to the other defenses asserted in the answer.

The trial court found that the Glencoe car, not only did not conform to the contract, but was practically worthless; that it was not accepted by the Lumber Company, nor by defendant, because of its inferior grade and quality; that defendant so notified plaintiff, and refused to, and did not, take possession of the shingles. Judgment was ordered for defendant. This appeal was taken from the judgment entered accordingly.

The validity of the counterclaim asserted by defendant is not one of the issues of this appeal. By pleading the inconsistent defense,

defendant in no wise jeopardized its case. The contract as to the three cars was separable. The price to be paid by defendant for each car was apportioned to the goods delivered. The fact that defendant had paid, and plaintiff had accepted payment, for the other two cars ordered, did not prevent the defendant from defending in an action to recover the price of the Glencoe car, nor the plaintiff from beginning such an action. McGrath v. Cannon, 55 Minn. 457, 57 N. W. 150. The trial court found that the agreement provided "that said shingles should be good shingles, and plaintiff's No. 1 white cedar shingles; * * * that the shingles shipped to said Glencoe were not good shingles, and were not plaintiff's No. 1 white cedar shingles, and were not the No. 1 white cedar shingles contracted for, * * * but were * * * practically worthless." The only question involved by these findings is one of fact. The contract was closed by plaintiff's letter, wherein the shingles were described as "our No. 1 white cedar shingles." Plaintiff swears that this was its understanding of the contract. There is more evidence to the same effect. The conclusion is inevitable that there was evidence tending to reasonably support the findings by the trial court. The evidence that the shingles did not correspond to this description and were worthless was also supported by some evidence reasonably tending to support the findings of the trial court. These findings must therefore be affirmed.

The only doubt in the case is whether the respondent, having been informed of the fact as to where the shingles were made and by whom, accepted them. This it did not do expressly. The finding of the trial court that the defendant notified the plaintiff of its refusal to accept the goods as shipped on account of inferior grade in quality is sustained by the evidence. Their delivery to the Lumber Company in accordance with the order did not constitute taking possession thereof by the defendant. The doubt arises upon the insistence of the defendant that the Lumber Company entered into an arrangement with defendant whereby it agreed to handle the shingles and to pay the defendant such an amount as the Lumber Company deemed just.

There can be no controversy as to the law on this particular sub-

ject. The general rule is that one who seeks to reject an article as not in accordance with the contract must do nothing, after he discovers the true condition, inconsistent with the vendor's ownership of the property. 24 Am. & Eng. Enc. (2d Ed.) 1090. The courts have held that an acceptance is made out by action of the vendee in insuring goods or offering to mortgage them (Georgia v. Augusta, 74 Ga. 497), or by loaning them to another person who used them (Hensen v. Beebe, 111 Iowa, 534, 82 N. W. 942), or by giving an order to the agent to sell the goods; a fortiori, to a third person to do what he can with them and make remittance (Brown v. Nelson, 66 Vt. 660, 30 Atl. 94).

If, as plaintiff insists, the testimony shows an arrangement by defendant with the Lumber Company to handle the shingles for it, the trial court was in error. The question is: Does the evidence in fact so show? The record is not clear. It suggests plaintiff's view, but fails to definitely prove it. Especially is it uncertain as to the time when the agreement with defendant for the handling of the shingles was made. If it was made when the order was given, it is insignificant. It does not appear that it was not made at that time. It does, however, appear affirmatively that the Lumber Company had not assumed control of the Glencoe car, that it was in the yard subject to the order of plaintiff or defendant, and that none of the shingles had been sold or tried to be sold. The burden was on the plaintiff to show affirmatively that defendant's subsequent dealing was inconsistent with plaintiff's ownership. The conjecture which the evidence raises is not sufficient to justify reversal of the trial court on this point.

Affirmed.