March, 1916] Threshing Mach. Co. *v.* McCoy.        715

111 Miss]                        Syllabus.

## J. I. Case Threshing Mach. Co. *v.* McCoy *et al.*

[72 South. 138.]

1. CONTRACTS. *Written contracts. Merger of oral representations. Sales. Breach of warranty. Estoppel of buyers. Notifications of defects.*

   Oral representations made by the seller to the buyer are superseded by and merged into the written contract between the parties.

2. SALES. *Notifications of defects. Contract.*

   Where defendant purchased a gasoline tractor under a contract providing that, if it was not satisfactory, they should notify the seller in ten days and defendants found out from a gasoline engine expert within seven days after they had purchased the machinery that it was defective, it was their duty to have notified the seller of such defects.

3. SALE. *Breach of warranty. Estoppel of buyers.*

   Where in a suit for the price of a gasoline tractor, the buyers failed to use reasonable care and diligence in examining the condition of the machinery and to make any objections to the same as provided by the term of their contract within the time limit or as soon as it was reasonably possible to do so, and upon the vendor's failure to remedy the defect, failed to return the machinery to the place where it was received, as provided in the contract and to notify the vendor, but on the contrary signed three "satisfaction slips" of successive dates stating that the vendor's agent had called and rendered assistance in operating the machinery which was working to satisfaction and filling the warranty. In such case the buyers were estopped to plead any breach of warranty.

APPEAL from the circuit court of Scott county.

HON. J. A. McLAURIN, Judge.

Suit by J. I. Case Threshing Machine Company against S. D. and Sam C. McCoy. From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Cooper & Cooper*, for appellant.

*Howie & Howie*, for appellee.

SYKES, J. delivered the poinion of the court.

The appellant, plaintiff in the court below, instituted suit in the circuit court of Scott county against the appellees for the sum of two thousand six hundred and ninety dollars, the purchase price of a gasoline tractor, a hay baler, and a fourbottom gang plow. The indebtedness was evidenced by certain promissory notes given by the appellees to the appellant. Shortly before the time of the signing of the notes a contract of sale was also executed by the appellees. The title to the property was reserved, both in the contract and in the notes, in the vendor, until all of the notes had been paid. The contract of sale contains certain warranties and conditions which are unnecessary to be set out in full. The parts material to this decision are as follows:

"It is warranted to be made of good material, and durable with good care, and to be capable of doing more and better work than any other machine made of equal size and proportion working under the same conditions on the same job, if properly operated by competent persons, with sufficient steam or horse power, and the printed rules and directions of the manufacturer intelligently followed. The condition of the foregoing warranty is that if, after a trial of ten days by the purchasers operating in the manner specified, said machinery shall fail to fulfill the warranty, written notice thereof shall at once be given to the J. I. Case Threshing Machine Company, at Racine, Wisconsin, and also to the dealer from whom received, stating in what parts and wherein it fails to fulfill the warranty, and reasonable time shall be given to said company to send a competent person to remedy the difficulty (unless it be of such a nature that a remedy may be suggested by letter). The purchasers rendering necessary and friendly assistance and cooperation, without compensation for labor or material furnished, and the com-

pany reserving the right to replace any defective part or parts, if, after giving notice and opportunity to render the difficulty complained of as above provided, the company fails to send a representative to remedy said difficulty (or to suggest an efficient remedy by mail), or if, upon its attempts to remedy the same, the machinery cannot be made to fill the warranty, the part that fails is to be returned immediately by the purchaser, free of charge, to the place where it was received, and the company notified thereof, whereupon th company shall have the option either to furnish another machine, or part, in place of the one so returned, which shall fill the warranty, or to return the notes or money received for the machine or part so returned, and the contract shall be rescinded to that extent, and no further claim made on the company. Failure to so make such trial, or to give such notices in any respect, shall be conclusive evidence of due fulfillment of warranty, on the part of said company, and the machinery is satisfactory to the purchasers. And the company shall be released from all liability under the warranty. . . .

"Failure to fully settle on delivery as above provided, or to comply with any of the conditions of this warranty on the purchasers' part, or any change in the printed terms of this warranty or the conditions thereof by any person whomsoever, agent or otherwise, by addition, erasure, or waiver, or any abuse, misuse, unnecessary exposure of machinery, or waste committed or suffered by the purchasers, discharges the company from all liability whatever. No representation made by any person as an inducement to give and execute this order shall bind the company."

The defendants in the court below pleaded a breach of the warranties, viz.: that the gasoline tractor was not in good condition, was defective in certain parts of the machinery, and also would not do the work which the agent of the appellant company represented to

appellees it would do before the time they signed the written contract. The machinery was kept and used by the defendants until seized by the sheriff after the filing of the suit. It is hornbook law that any representations made by the agent of the company were superseded by the written contract in this respect. In fact, the contract expressly provides that the agents have no authority to make any oral representations about the machinery, but that all warranties are contained in the written warranty contract or agreement.

The defendants also pleaded that there was a waiver of that part of the contract requiring them to give notice within ten days to the appellant company at Racine, Wis., of the breach of the covenants of warranty. The facts upon which this waiver is based, in brief, are as follows: When the machinery was first received, a representative of the appellant company attempted to plow a part of a field near Morton with the tractor and plows; but the tractor failed to work satisfactorily, according to the testimony of the defendants. The machinery was then taken out to the plantation of the defendants, and another attempt at plowing was made the following day. This test was also unsatisfactory. The tractor was then used in bailing hay, which it did all right. The agent then left the home of the defendants and promised to return within a short time and make the machinery work properly. The agent failed to come within the ten days; consequently the defendants claim that the test had not been completed, and they therefore could not comply with the ten-day clause in the contract of sale. The testimony of the defendants, however, further shows that within the first seven days after they purchased this machinery they had a gasoline engine expert to examine the tractor, and he reported the same defective in certain material parts. According to their own testimony, with this knowledge in their possession, the defendants, at least within a reasonable time, should have complied with the con-

ditions of the contract, and notified the headquarters of the company at Racine of the defects.

However, leaving out of consideration the testimony of the plaintiffs in this case, the defendants are estopped by their conduct to plead any such breach of warranty. The machinery reached them some time during the month of November, 1912. Upon a number of occasions agents of the plaintiff company went out and tested this machinery for the defendants and made a number of minor repairs to the same. On November 21, 1912, the following so-called "satisfaction slip" was signed by the defendant:

"Gentlemen: Your Mr. J. W. Terry called at our request and has rendered the desired assistance in operating the machinery recently purchased from you, and same is working to our satisfaction and filling the warranty."

Another slip, not dated, reading as follows, was also signed by one of the defendants and received at the Nashville branch office of the appellant on November 25, 1912:

"Gentlemen: Your Mr. Munson called at our request and has rendered the desired assistance in operating the machinery recently purchased from you, and same is working to our satisfaction and filling the warranty."

On April 7, 1913, still another "satisfaction slip" was signed by one of the defendants, reading as follows:

"Gentlemen: Your Mr. Munson called at our request and has rendered the desired assistance in operating the machinery recently purchased from you, and same is working to our satisfaction, but will not do what was claimed by your agent making sale."

On the last "satisfaction slip" defendant Sam C. McCoy states that the machinery was working to their satisfaction, but would not do what was claimed by the agent who made the sale. There was no claim, even at this late date, that there was a breach of the written

contract of warranty. The testimony shows that one of the defendants had attended an agricultural and mechanical college, and had seen gasoline tractors work at the college. The contract was deliberately entered into by the defendants, and it became their duty to comply with its stipulations. Under this contract, these defendants should have used reasonable care and diligence to have examined and ascertained the condition of all this machinery, and they should have made any objections to same in accordance with the terms of the contract within the time limit therein or as soon as it was reasonably possible to do so, and upon the failure of the vendor to remedy the defect the defective machinery should have been returned to the place where it was received (in this case the station of Morton) and the vendor notified thereof.

This they utterly failed to do. On the contrary, we have their solemn admissions, made upon three different occasions, that the machinery was satisfactory in so far as the written warranties were concerned. It therefore follows that the court below erred in failing to give the peremptory instruction asked by plaintiff in the court below.

Reversed, and judgment here for the appellant in accordance with this opinion.

*Reversed.*