Phœnix Nursery Company, Respondent, vs. Trostel, Appellant.

*October 23—November 13, 1917.*

*Foreign corporations: Right to do business: Interstate commerce: Sale of trees, etc.: Agreement to plant.*

A contract whereby a foreign corporation not licensed to do business in Wisconsin agreed to sell certain trees and shrubs, then in another state, to a resident of this state, and to plant them upon his premises here, is not enforceable by the corporation in our courts on the ground that such transaction constituted interstate commerce.   The planting was not a mere incident of, nor was it essential to, the sale and delivery of the trees and shrubs, and the agreement in that respect was one relating to business of strictly local character.

Appeal from a judgment of the circuit court for Milwaukee county: Edward T. Fairchild, Circuit Judge.   *Reversed.*

Action to recover the cost of certain shrubs and trees and the planting thereof.   Plaintiff is a foreign corporation domiciled at Bloomington, Illinois, and has no office or place of business in this state.   It has never complied with the provisions of sec. 1770*b*, Stats. 1915.   In March, 1916, it entered into a written contract with the defendant whereby it agreed to sell him certain shrubs and trees then in its nursery at Bloomington, at a price therein specified, and

plant the same upon defendant's premises in Milwaukee according to the plans and directions of defendant's landscape architect and to replace any stock not in healthy condition in the spring of 1917 if the same had been properly taken care of by an experienced gardener. After the shrubs and trees arrived at defendant's premises he objected to their quality, and it was then agreed that they should be planted and defendant should pay their reasonable market value (found by the court to be $1,221.39, instead of the contract price, amounting to $1,496.03) ; also that he might order additional shrubs and trees at prices named in a list submitted to him, which he did to the amount of $415.79. The only defense material to this appeal was that since plaintiff had never complied with the provisions of sec. 1770*b*, Stats. 1915, it could not enforce the contract against the defendant. The court held the contract enforceable because the transactions between the parties constituted interstate commerce, exempting it from the provisions of the statute, and rendered judgment for plaintiff in the sum of $1,780.26 damages, interest, and costs. The defendant appealed.

For the appellant there were briefs by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent the cause was submitted on the brief of *Alexander & Burke* of Milwaukee.

VINJE, J. In *Wolf Co. v. Kutch,* 147 Wis. 209, 132 N. W. 981, plaintiff, a foreign corporation that had not complied with sec. 1770*b*, Stats., sold certain flouring-mill machinery to a corporation of this state under an agreement to furnish a millwright to assist the purchaser in putting the machinery in place, and it was held that such agreement was a mere incident to the contract which did not deprive it of its interstate commerce character, citing *F. A. Patrick & Co.*

*v. Deschamp,* 145 Wis. 224, 129 N. W. 1096.   The case of *S. F. Bowser & Co. v. Schwartz,* 152 Wis. 408, 140 N. W. 51, included the same question, since the contract showed that the foreign unlicensed corporation sold and installed a dry-cleaning outfit, but the court did not specifically pass upon the validity of the installation feature of the contract.   That question came up later in the case of *S. F. Bowser & Co. v. Savidusky,* 154 Wis. 76, 142 N. W. 182, where it was held that the assembling and installation of the plant were mere incidents to the sale and that the transaction did not thereby lose its interstate commerce character, citing *Milan M. & M. Co. v. Gorton,* 93 Tenn. 590, 27 S. W. 971, and *Wolff D. Co. v. Bigler,* 192 Pa. St. 466, 43 Atl. 1092.   Both cited cases relate to the installation of machinery.   Since the decision of the Wisconsin cases above referred to the supreme court of the United States in *Browning v. Waycross,* 233 U. S. 16, 34 Sup. Ct. 578, has held that where a foreign nonlicensed corporation contracted to sell and install lightning rods to be shipped into the state, the "affixing of lightning rods to houses was carrying on of a business of strictly local character, peculiarly within the exclusive control of state authority," and that "such business was wholly separate from interstate commerce, involved no question of the delivery of property shipped in interstate commerce or of the right to complete an interstate commerce transaction, but concerned merely the doing of a local act after interstate commerce had completely terminated."

Whether the previously mentioned cases in our court might be held to come within the exception suggested by Chief Justice WHITE in the opinion as being cases "where, because of some intrinsic and peculiar quality or inherent complexity of the article, the making of such agreement was essential to the accomplishment of the interstate transaction," it is idle to speculate upon or discuss.   And since what

constitutes interstate commerce is ultimately a federal question, it is equally idle for a state court to discuss the merits of or restate a clear rule upon the subject declared by the federal court of last resort. Suffice it to say that the reasoning in the *Browning Case* commends itself to our judgment. But even if it did not, that case governs the one before us. For, if the installation of lightning rods was not essential to their sale and delivery, much more may it be held that the planting of shrubs and trees is not essential thereto. It is common knowledge that the great bulk of nursery stocks sold and shipped in this country is planted by the purchaser, not by the seller. In any event, the planting of a shrub or tree is not an act involving such peculiar skill or complexity as to require the services of the grower to do it. For a valuable note upon this precise subject where the late cases are reviewed see L. R. A. 1917C, 1012; also 14 L. R. A. N. s. 674, and 4 L. R. A. Cases as Authorities, 14.

We fully concur in the view called to our attention by counsel for plaintiff that courts should not without good cause permit parties to reap the benefits of their contracts and then be relieved from their burden. Where, however, a constitutional legislative declaration is explicit in declaring a prohibited contract void and the case is clearly within the prohibition, courts have but one course to pursue, and that is to enforce the statute.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint upon the merits.