## J. C. BOSS ENGINEERING COMPANY v. GUNDERSON BRICK & TILE COMPANY.[1]

July 9, 1926.

No. 25,294.

**Provision in contract appropriate to interstate sale of brick burner and did not violate statute.**

1. A provision in a contract of sale of a Boss System brick burning equipment by which the seller, a foreign corporation, agreed to furnish an engineer to superintend the installation and construction and to instruct as to operation, is relevant and appropriate to the interstate sale and hence does not justify the courts of this state in refusing to enforce payment of the purchase price on the theory that the seller was doing a local business in violation of G. S. 1923, § 7494.

**Purchaser failed to cancel contract and its conduct amounted to an affirmance.**

2. The contract contained a provision that if the equipment was unsatisfactory to the purchaser after a demonstration burn it could cancel the contract by giving notice of such intention and money paid would be refunded. The purchaser advised that the test was unsatisfactory but expressed no desire to cancel the contract. On the contrary it continued to use the equipment and later reported fair results. The purchaser refused to rescind or cancel on the terms stated in the contract. *Held* failure to comply with the terms of the contract for cancelation coupled with the conduct disclosed in the opinion amounted to an affirmance of the contract and an acceptance of the equipment and imposed upon the purchaser the duty "to make full settlement."

[1]Reported in 209 N. W. 876.

Corporations, 14a C. J. p. 1286 n. 9; p. 1287 n. 11.
Sales, 35 Cyc. p. 234 n. 21; p. 238 n. 55; p. 259 n. 58, 59.

See notes in 14 L. R. A. (N. S.) 674; L. R. A. 1917C, 1014; 11 A. L. R.
614; 12 R. C. L. 75; 2 R. C. L. Supp. 1386.
See note in 50 L. R. A. (N. S.) 808; 24 R. C. L. p. 430; 4 R. C. L.
Supp. 1537.

Action in the district court for Goodhue county to recover purchase price and cost of installation of a system of burning brick. The case was tried before Schultz, J., who dismissed the action. Plaintiff moved for judgment or a new trial. The court ordered judgment for plaintiff for $1,406.25. Defendant appealed. Affirmed.

O. B. Strand, A. J. Rockne and Albert Mohn, for appellant.

Thomas Mohn, for respondent.

WILSON, C. J.

Plaintiff moved for a directed verdict. The court granted defendant's motion to dismiss the action. Plaintiff moved for judgment or a new trial and the court ordered judgment in favor of plaintiff for $1,406.25 and in case plaintiff refused to accept this amount that a new trial be granted. The amount was accepted and defendant appealed.

Plaintiff, an Indiana corporation, sold to defendant a Boss System brick burning equipment including the rights to use under a patent and including blueprints and specifications for construction and installation. The contract provided for a demonstration burn and if unsatisfactory money paid to be refunded. It further provided that the title should remain in plaintiff until full payment was made. It also provided that, in case defendant desired to cancel the contract, if the demonstration burn was unsatisfactory, notice should be forwarded by defendant to plaintiff immediately when the result of such demonstration should be fully determined and should such notice not be received the defendant agreed to make full settlement according to the terms of the contract. The contract also contained a provision fixing the value of services of an engineer at $10

a day and expenses in case the defendant required instructions in service other than those contained in the plans and specifications.

At the request of defendant an engineer was sent to this state to instruct how to install the fire boxes and air ducts which required about three or four days. About four months later the engineer again came to Minnesota at the request of defendant to aid in teaching it how to operate the equipment which took about a week. The demonstration burn was made. Tile were overburned. Defendant advised plaintiff:

"We have followed your instructions to the letter and we have decided that your method of operating is at fault, and would not seem to apply in burning hollow tile with our clay. It would seem that your closing the damper and forcing the fire did not work out and your instructions in having the bottoms closed up on kilns Nos. 9 and 10 did not work out satisfactory. We are now going to try again applying our own actual experience in burning our clay, and trust we will have a better result, as we are more anxious than you are that your system of burning shall prove satisfactory with us."

About a month later defendant wrote plaintiff:

"We have finally succeeded in burning our ware successfully with your system, although it is far from coming up to our expectation, or up to your representation. We are however fairly well satisfied with it and are effecting a saving in fuel. We found that we could not follow your method [of] instruction in burning. We had to adopt our own method and use 5 days instead of $3\frac{1}{2}$ days as you tried and instructed us to do, in that way we have fairly good success. We lost fully half of the ware in the first four kilns which you fired and superintended, and which incurred a loss to us of at least $400.00 a kiln which makes us $1,600.00 in the four kilns. This loss we shall expect you to assume."

The contract called for payment of $1,875 for the equipment for six kilns, of which $468.75 was paid, leaving a balance of $1,406.25. By this action plaintiff sought to recover this balance and $195.75 for services and expenses of the engineer. The answer alleged that the demonstration burn was unsatisfactory and that plaintiff was

notified thereof as per the terms of the contract. Defendant counter-claimed for $468.75. By amendment the answer alleged that plaintiff had failed to comply with G. S. 1923, § 7494, and was in this transaction doing business in the state of Minnesota contrary thereto. In ordering judgment the court required plaintiff to eliminate its claim of $195.75. Plaintiff having consented to this elimination does not seek to recover for this item.

1. It seems to be substantially conceded that the transaction involved was an interstate sale and hence was not governed by our statute regulating foreign corporations unless by virtue of the acts of the plaintiff in sending its engineer into this state for the purposes above mentioned. It has now been long established that the interstate commerce power embraces that which is relevant or reasonably appropriate to the power granted and that the right to make an interstate commerce contract includes in its very terms the right to incorporate therein provisions which are relevant and appropriate to the contract made. It is earnestly urged in this case that the construction and installation of the equipment could have been made by any man competent to read the blueprints and also that instructions and directions could have been given by mail and that such a contract is in violation of our statute unless the foreign corporation can show that the installation was, because of some peculiar quality or complexity, essential to the making of the sale. This contention finds support in Palm V. C. Co. v. Bjornstad, 136 Minn. 38, 161 N. W. 215, L. R. A. 1917C, 1012. We think however that the particular machinery involved, its necessary construction and installation, including the fire boxes and air ducts, and the "teaching" how to operate the equipment, which, obviously from the record, includes a determination of the degree of heat to be applied to the particular kind of clay used, attaches to the transaction an element essentially incidental to the interstate business. The operation must be with skill and precision in order that the equipment may produce the best results. The seller should properly have the right as an incident of the sale to supervise installation and personally direct in the operation. The necessity and pro-

priety of directions for operation based upon personal observation of the clay used and its moisture and the degree and uniformity of heat to be applied are amply illustrated by the experience in this case. It requires an expert to make the equipment accomplish the purposes for which it is sold and to satisfy the buyer. Under the terms of the contract if the buyer was not satisfied there would be no sale. In this respect it was a liberal contract. Matters essential to the successful installation of such equipment and supervision of a test demonstration that the equipment will do what is claimed for it and if properly operated accomplish the purpose for which it is bought must be regarded as relevant and appropriate to an interstate sale and beyond the reach of our statute. Such supervision is fairly and intrinsically interstate and so closely related to the transaction that it must be protected by the Federal Constitution. York Mnfg. Co. v. Colley, 247 U. S. 21, 38 Sup. Ct. 430, 62 L. ed. 963, 11 A. L. R. 611; Mojonnier Bros. Co. v. Detroit Milling Co. 233 Mich. 312, 206 N. W. 525; Westerlin & Campbell Co. v. Detroit Milling Co. 233 Mich. 384, 206 N. W. 371; Kaw B. W. Co. v. Interstate Refineries, Inc. 118 Kan. 693, 236 Pac. 654; McCaskey Reg. Co. v. Mann (Tex. Civ. App.) 273 S. W. 1113; United I. W. Co. v. Watterson Hotel Co. 182 Ky. 113, 206 S. W. 166; Lyons v. Federal S. of B. (C. C. A.) 290 F. 793; Michigan L. Co. v. Ontario C. Co. (C. C. A.) 275 F. 902; Hess W. & V. Co. v. Burlington Grain Elev. Co. 280 Mo. 163, 217 S. W. 493; City of Atlanta v. York Mnfg. Co. 155 Ga. 33, 116 S. E. 195; Kinnear & Gager Mnfg. Co. v. Miner, 89 Vt. 572, 96 Atl. 333; Power Specialty Co. v. Michigan Power Co. 190 Mich. 699, 157 N. W. 408. The case of Browning v. Waycross, 233 U. S. 16, 34 Sup. Ct. 578, 58 L. ed. 828, and some of the other authorities cited by appellant are collected in a note in 11 A. L. R. 614. Most of these cases embraced an element of business strictly local in character particularly within the exclusive control of state authority, separate from interstate commerce and involving mechanical apparatus which did not require an expert engineer to supervise installation, construction or operation. In fact the subject-matter involved merely required the services of mechanics or laborers and those locally could

do the work just as well as those from a foreign state. These cases involve the installation of pumps for city waterworks. Beach v. Kerr Turbine Co. (D. C.) 243 F. 706. Certain kinds of ventilating systems. B. F. Sturtevant Co. v. Adolph L. I. W. 196 Mich. 552, 163 N. W. 13. Heating plants. Peck-Williamson H. & V. Co. v. McKnight & Merz, 140 Tenn. 563, 205 S. W. 419. Planting of shrubs and trees. Phoenix Nursery Co. v. Trostel, 166 Wis. 215, 164 N. W. 995, L. R. A. 1918B, 311. Sprinkler system which requires the employment of labor for weeks and material belonging to the purchaser is used. U. S. Const. Co. v. Hamilton Nat. Bank, 73 Ind. App. 149, 126 N. E. 866. The erection of oil tanks. Nickerson v. Warren City T. & B. Co. (D. C.) 223 F. 843. Manufacture, transport, deliver and setup chairs for the equipment of theatres. A. H. Andrews Co. v. Colonial Theatre Co. (D. C.) 283 F. 471. The placing of ornamental plaster. Decorators Supply Co. v. Chaussee, 211 Mich. 302, 178 N. W. 665. These cases are clearly distinguishable from the cases first cited and from the facts here involved.

2. The provision in the contract for its cancelation if the demonstration burn was unsatisfactory was a valid one. Helvetia C. Co. v. Hart-Parr Co. 142 Minn. 74, 171 N. W. 272, 767; Sturtevant Mill Co. v. Kingsland Brick Co. 74 N. J. L. 492, 70 Atl. 732. Where in a sale it is agreed that upon trial, if the property is not satisfactory, the purchaser will notify the seller, his failure to give such notice makes the sale absolute and he must pay the purchase price. Latham v. Bausman, 39 Minn. 57, 38 N. W. 776; Moline M. & S. Co. v. Pereau, 52 Neb. 577, 72 N. W. 956; Geiser Mnfg. Co. v. Taylor, 55 App. Div. 638, 67 N. Y. Supp. 30; Penn. Iron Works Co. v. H. I. & C. Storage Co. 185 Mass. 366, 70 N. E. 427; Hickman v. Shimp, 109 Pa. St. 16; Turner v. M. Machine & F. Co. 97 Mich. 166, 56 N. W. 356; Mo. Smoke Preventer Co. v. St. Louis, 205 Mo. 220, 103 S. W. 513; J. I. Case T. M. Co. v. McCoy, 111 Miss. 715, 72 So. 138; Russell & Co. v. Murdock, 79 Iowa, 101, 44 N. W. 237, 18 Am. St. 348; Southern E. & B. Works v. Globe C. & L. Co. 98 Ark. 482, 136 S. W. 928; D. M. Osborne & Co. v. West (Iowa) 103 N. W. 118; Zimmerman Mnfg. Co. v. Dolph, 104 Mich. 281,

62 N. W. 339; Northern Elec. Mnfg. Co. v. H. M. Benjamin Coal Co. 116 Wis. 130, 92 N. W. 553; Fred W. Wolf Co. v. Monarch Ref. Co. 252 Ill. 491, 96 N. E. 1063, 50 L. R. A. (N. S.) 808.

Defendant wrote a letter and advised that the demonstration burn was unsatisfactory but did not express any desire or intention of canceling the contract as it then had a right to do. "Notice to that effect" cannot be read from the correspondence. Indeed the position taken by defendant in failing to exercise its privilege to cancel and in making a claim for $1,600 damage was rather an affirmance of the contract. Moreover after defendant learned of the claimed unsatisfactory condition of the equipment it continued to use it, subsequently reporting fair success, until the time of trial. It made no other contract. Such conduct was inconsistent with the vendor's ownership. Duluth Log Co. v. John C. Hill L. Co. 110 Minn. 124, 124 N. W. 967; Maxwell v. Lee, 34 Minn. 511, 27 N. W. 196. But in addition to that plaintiff sent a representative to defendant with a check prepared to make settlement by refunding $468.75. This was on the theory that the equipment was not satisfactory after the test. Defendant would not pay the purchase price. Plaintiff expected that defendant would return the material as provided in the contract. It was only required to put it on board car at nearest railway station. Defendant refused to carry out the terms of the contract for cancelation following an unsatisfactory demonstration burn. On the contrary it then announced that it would keep the equipment. It was willing to carry out the contractual method of cancelation only if plaintiff would pay the $1,600 claimed as damages. We are of the opinion that defendant could not thus burden the provisions of the contract. If it in fact had a legal claim for damages the law doubtless provided a remedy but it did not change the terms of the existing contract which determined the specific manner for termination of the contract because of an unsatisfactory test. Defendant's performance of the provision of the contract for cancelation would not have disturbed its claim for damages. It may be noted that though plaintiff has come into the courts of this state the claim for damages is not included in the

counterclaim. Failure to so comply with the terms of the contract for cancelation, coupled with the conduct herein disclosed, amounted to an affirmance of the contract and an acceptance of the equipment and imposed upon defendant the duty "to make full settlement" as therein provided.

Other questions argued are unimportant.

Affirmed.