TEGEN and another, Appellants, vs. CHAPIN, Respondent.

*February 9—March 14, 1922.*

*Sales: Breach of warranty: Representation that a cow is a breeder: Failure to produce mature calf: Opinion evidence: Weight: Limits: Duty of buyer to give notice: Reasonable time.*

1. A warranty that a cow is a breeder does not amount to a guaranty that the cow will at the end of the full period of gestation produce a live, properly matured calf; and in an action on breach of a warranty of this kind, the fact that the cow aborted on June 16th, ten weeks before the full time, does not relieve the plaintiff buyer from proving that when she was sold on March 16th she was incapable of producing a mature calf.

2. In an action for breach of such a warranty the opinion of one expert that at the time of the sale the cow had contagious abortion, based on a single abortion after she had opportunity to contract the disease during shipment and contact with other cattle subsequent to the sale, is insufficient to take to the jury the question whether she had contagious abortion at the time of the sale.

3. Opinion evidence should not extend to the merits of the controversy where it is not clearly within the realm of scientific knowledge.

Tegen v. Chapin, 176 Wis. 410.

4. Opinion evidence alone is not conclusive in any case, but the jury must pass on the probabilities; and unless the opinion relied on is within the scope of reason and common sense it should not be regarded.

5. Where the buyer lived only 130 miles from the seller and there was daily communication between the two places, a delay of fifty-seven days in notifying the seller of a breach of the warranty, after an abortion which the buyer claimed established the breach, was unreasonable under sec. 1684*t*—49, Stats., relieving the seller from liability for breach of warranty unless the buyer gives notice within a reasonable time after he knows or ought to know thereof.

6. While under said sec. 1684*t*—49, Stats., acceptance of the goods does not waive recovery for breach of warranty, it charges the buyer with the duty of giving notice, and he must, in the absence of circumstances excusing or justifying delay, move with some degree of promptness under all the circumstances.

APPEAL from a judgment of the circuit court for Waupaca county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Breach of warranty. From the complaint it appears that the plaintiffs own and operate a dairy at Kennon, Price county, Wisconsin. That on March 16, 1920, the defendant conducted a public auction sale of registered Guernsey cattle at his farm in Iola, Wisconsin, and at the time of said sale defendant represented and warranted in writing that in case any animal should prove not to be a breeder, or, if announced as bred, should prove not to be in calf, the animal could be returned to the defendant and the bid price would be promptly remitted. And that the defendant further represented and warranted in writing that every animal in the sale had been tuberculin tested and a certificate of health would be furnished to every purchaser if desired.

That relying upon said warranties the plaintiffs purchased one registered Guernsey heifer offered at said sale, known as Eymbie, No. 83305, announced as bred on November 29, 1919, for the sum of $405, the purchase price being paid in cash. That on August 10, 1920, the plaintiffs discovered that said heifer was not a breeder, promptly notified

the defendant thereof, and offered to return the said heifer, but that the defendant refused to accept said heifer or to return any part of the purchase price.

A second cause of action was stated, but the issues arising on that are not argued or urged here and it will be disregarded. The same is true of defendant's counterclaim.

The defendant by his answer admitted the holding of the sale, denied that he made any representations or warranties except such as were contained in a catalog of which the plaintiff had notice, and under which the sale was conducted and the transactions between the parties were had. As to the sale of Eymbie, No. 83305, the defendant complied in all respects with the representations and warranties contained in his catalog.

Upon the trial the court directed a verdict for the defendant, and upon the verdict a judgment was entered dismissing the plaintiffs' complaint upon the merits, and for costs taxed at the sum of $52.42, from which judgment the plaintiffs appeal.

For the appellants the cause was submitted on the briefs of *J. V. Ledvina,* attorney, and *W. K. Parkinson,* of counsel, both of Phillips.

For the respondent there was a brief by *H. J. Severson* of Iola, attorney, and *B. R. Goggins* of Wisconsin Rapids, of counsel, and oral argument by *Mr. Goggins.*

ROSENBERRY, J. The plaintiffs contend that there was evidence upon which the case should have been submitted to the jury and that therefore the direction of a verdict by the court was error. It is argued that the defendant warranted the animal to be a breeder; that the plaintiffs purchased the animal in question in reliance upon the warranty; that she was bred on November 29, 1919, and in the ordinary course of events should have produced a mature calf on August 29, 1920; that on June 16, 1920, ten weeks prior to the full time, she aborted, giving birth to an immature calf

born dead.   And it is argued that the bare fact that the cow did not produce a mature calf was in itself sufficient evidence to carry the case to the jury on the proposition of whether or not there was a breach of the warranty.   In our opinion a warranty that a cow is a breeder does not amount to a guaranty that the cow will at the end of the full period of gestation, every time she is with calf, produce a live, properly matured calf.   It may be said to be a matter of common knowledge that abortions occur occasionally, if not frequently, as a result of injury, straining, or from other natural causes having nothing to do with the animal's capacity to produce a matured calf in the usual course of time under ordinary normal conditions.   We are therefore of the opinion that the burden was upon the plaintiffs to establish by a fair preponderance of the evidence that the cow was at the date of the sale, on March 16, 1920, incapable of producing a mature calf.   Upon this branch of the case the only evidence offered by the plaintiffs was that tending to show that the cow had a disease known as contagious abortion.   Upon that issue it appeared without dispute that the defendant had never had contagious abortion upon his farm where the cow in question was born and reared, and there was no evidence tending to show that the cow was at the time of sale infected, excepting that of one expert who testified in response to a hypothetical question that in his opinion the cow was infected with contagious abortion on March 16th.   This same witness, however, testified that cows may have abortions without its being contagious; that such might have been the fact in this case; that his opinion was based upon the fact that another cow from this herd had aborted, it appearing, however, that the herd into which she was sold was an infected herd and had been for some time.   It further appeared from his cross-examination that he based his opinion partly upon the fact that two heifers which had been bred were returned for the reason that they were not with calf, admitting, however, that

healthy females do not always beget one hundred per cent.; that they are doing well when they average a sixty to sixty-five per cent.; that "a good many things cause abortion—a mere straining, jumping, or being hooked, or something of that kind without leaving a mark, might cause abortion." This witness further testified that he had been on defendant's farm; that he had never found contagious abortion in any of his herds at any time; that contagion might be in a car in which the animal was shipped; most of contagion is had by shipping in cars. Feeding out of the same mangers, putting cattle in the same barns, or running with other stock, will spread the contagion. It is considered that the opinion of this witness is not sufficient to raise an issue of fact for the jury. It is clear from the testimony of this witness that the abortion may have been produced by accident, may have been contracted in the course of shipment, may have been contracted by the animal running with other stock. The answer was a mere guess or conjecture. The only fact upon which the expert could base his opinion that this cow was infected on March 16th with contagious abortion was the mere fact that the calf was born dead prematurely. The opinion based upon that fact, under the evidence in this case, is not within the field of scientific knowledge and therefore not a proper subject of expert testimony. The jury was just as able to determine whether or not the animal was infected as was the witness, and opinion evidence should not extend to the merits of the controversy where it is not clearly within the realm of scientific knowledge. *Sullivan v. M., St. P. & S. S. M. R. Co.* 167 Wis. 518, 525, 167 N. W. 311; *Benson v. Superior Mfg. Co.* 147 Wis. 20, 132 N. W. 633; *Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311.

The proof in this case was not sufficiently certain and definite to establish the fact that the cow was infected with contagious abortion on the date of the sale, and under the evidence it remained a matter of doubt, speculation, and conjecture.

Tegen v. Chapin, 176 Wis. 410.

"Opinion evidence alone is not conclusive in any case. The jury must pass upon the probabilities, and unless the opinion relied on is within the scope of reason and common sense it should not be regarded at all. If that were not so, injustice would often rule in the jury room, because . . . there is no theory so preposterous but that men can be procured to support it under oath from the witness stand by expert evidence. On questions involving skill and experience in such matters, experts must be called from the necessities of the case, for want of better evidence; and when stripped of all the elements of mere conjecture, and pretense, and partisan influence, it is valuable, and what is left will rarely appear improbable to ordinary comprehension. It is the duty of courts and juries to do that,—to subject expert opinions to all reasonable tests to determine their credibility." *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 330, 80 N. W. 644; *Bourda v. Jones,* 110 Wis. 52, 85 N. W. 671.

It appears without dispute that the abortion occurred on June 16th and that the plaintiffs gave no notice thereof to the defendant until August 12th.

"Sec. 1684t—49, Stats. . . . But, if, after acceptance of the goods, the buyer fails to give notice to the seller of any breach of the promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

Such was the law prior to the adoption of the Uniform Sales Act. *Northern E. M. Co. v. H. M. Benjamin C. Co.* 116 Wis. 130, 92 N. W. 553.

While ordinarily the question of what constitutes a reasonable time is a question of fact for the jury, in this case, where there was a delay of fifty-seven days, there being no circumstances excusing or justifying the delay, it is held that notice was not given within a reasonable time as a matter of law, and the seller was therefore not liable for a breach of warranty had there been one. Plaintiffs lived in Price county, 130 miles from Iola, the place of sale. There was regular daily communication between the places. The

plaintiff *H. W. Tegen* had notice of all the facts of which he ever had notice that the cow was not a breeder when the cow aborted on the 16th day of June. His excuse for failing to give notice is that during the interim he was endeavoring to discover whether or not the cow had contagious abortion, but upon the claim now made by him—and that is that the fact that the cow aborted established a breach of warranty— the question of whether or not the abortion was contagious was immaterial. Upon the other aspects of the case there is no proof here, excepting the mere fact that she aborted, that the cow was infected at the time of the sale. We think in this case a delay of nearly two months was not justified. In transactions of this character, relating to the sale or exchange of personal property, while under the Uniform Sales Act the acceptance of the goods does not waive the right of recovery for breach of warranty, it charges the purchaser with the duty of giving notice, and that within a reasonable time. If the object of the statute is to be accomplished—that is, the parties enabled to make such investigations or take such steps as may be necessary to protect their rights,—it must be held, in the absence of circumstances excusing or justifying delay, that the buyer must move with some degree of promptness under all the circumstances. This is the rule adopted in applying sec. 1684t—48, Stats., and there is no reason why it should not obtain in applying sec. 1684t—49, the time specified in each section being a reasonable time. *J. L. Owens Co. v. Whitcomb,* 165 Wis. 92, 160 N. W. 161; *J. B. Bradford P. Co. v. Baal,* 166 Wis. 134, 164 N. W. 822.

*By the Court.*—Judgment affirmed.