Simonz, d/b/a Badger Store Fixture Company, Appellant, vs. Brockman, Respondent.*

*May 22—June 22, 1946.*

* Motion for rehearing denied, without costs, on September 28, 1946.

*Samuil Nissenbaum* of Milwaukee, for the appellant.
*James D'Amato* of Waukesha, for the respondent.

FOWLER, J. The case is before us on appeal from a judgment of the county court of Waukesha county allowing a recoupment in favor of defendant and dismissing the complaint on the merits with costs to the defendant.

The complaint by par. 3 alleges:

"That the defendant is indebted to plaintiff for goods, wares, and merchandise sold and delivered to him at his instance and request, from May 27, 1941, in the sum of nine hundred fifty-four dollars ($954), upon which there has been paid the sum of six hundred dollars ($600), and there is now due and owing the sum of three hundred fifty-four dollars ($354)."

Defendant by answer admits the allegations of the complaint as to the residence of the defendant and states that his occupation is that of an ice-cream manufacturer. The answer denies the allegations of par. 3 except "an expressed written contract was entered into by the parties; and that there has been paid thereon $600."

Defendant also interposes a counterclaim alleging that plaintiff by "express written contract" agreed to sell and install and the defendant to pay for "certain goods, wares and merchandise" and that the payment "was conditioned upon the performance of certain terms and agreements contained" in the written contract; that "in compliance with said contract the plaintiff delivered certain goods, wares and merchandise

but that the said goods, wares and merchandise were not in comformity with" the contract; that "plaintiff failed to install said goods, wares and merchandise in compliance with the terms" of the contract; that the plaintiff refused and neglected to perform "said terms and conditions" of the contract; and that as "a direct and proximate result thereof the defendant suffered a loss in the installation and replacement of the goods, wares and merchandise and in the fulfilment of the terms of the contract, as well as the loss of business and expense therefrom in the sum of $500," for which sum judgment against the plaintiff was demanded.

Upon this hodgepodge of pleadings, from which it could not be determined what the real issues of fact between the parties were, the case went to trial before the court without a jury. Upon the evidence the trial judge took the view expressed in a written decision that:

"The defendant and the plaintiff entered into a contract of sale by the terms of which the defendant purchased from the plaintiff certain equipment for a soda fountain, including the fountain itself and a ½ H. P. compressor, for the sum of $954, and which was to be delivered to the defendant's place of business in the city of Watertown, and properly installed as an operating soda fountain; the articles were delivered on or about the 20th day of July, 1941, and the counters and soda fountain were put in place and the plaintiff attempted to install the compressor and connect the necessary pipes so that said soda fountain would work properly as an ordinary soda fountain should work and that sum of $600 was paid on the contract, thus leaving a balance of $354.

"The plaintiff knew the use for which this merchandise was to be used and there was an implied warranty that when said merchandise was installed that it would perform the work of an ordinary soda fountain.

"That said soda fountain was not properly installed in that the pipes and other mechanism were not properly connected or installed and that said soda fountain would not cool the ice cream to a sufficient degree and would not perform as an ordinary soda fountain should perform; that the defendant notified the plaintiff of these defects and that the plaintiff at-

tempted on several different occasions to remedy certain defects, but was unsuccessful; that after the defendant had given the plaintiff a reasonable opportunity to perfect said defects, he employed a mechanic, who found that the compressor was less than ½ H. P.; that it was necessary to install a new compressor of ½ H. P. and that the pipes and other mechanism were not properly connected and that he then proceeded to install a new compressor and correct the faulty installation so that said soda fountain would perform its duty; that the expense for so doing was $469.78, which amount the defendant is entitled to recover as a recoupment; that the defendant failed to prove his counterclaim and the same is dismissed; that the recoupment more than offsets the balance due the plaintiff on his counterclaim, so that the complaint is dismissed with costs."

Findings were filed in accordance with this decision, and judgment was entered dismissing the complaint on the merits with costs to defendant, and dismissing the counterclaim without costs to the plaintiff.

The trial court decided the case upon the theory that the evidence, which was received without objection, supports the view that under the circumstances an implied warranty existed that, (1) the equipment of a soda fountain to be installed by the plaintiff would operate the fountain properly and freeze ice cream and keep it frozen; (2) that the plaintiff breached this warranty; and (3) that the defendant could recoup the damages sustained by reason of the breach and offset it against the purchase price of the property sold. But while premises (1) and (2) are correct conclusion (3) is incorrect, for the defendant was not entitled to recoup his damages because there is no finding that the defendant served on the plaintiff the notice required by sec. 121.49, Stats., that he claimed damages for the breach, nor is there any evidence of the giving of such notice. Under the section cited "the purchaser has neither a right of action for the breach of a . . . warranty . . . nor a defense to an action for the purchase price, unless the required notice has been given. . . . Even the fact that

the seller knew of the facts constituting the breach does not render it unnecessary for the buyer to give the required notice, since the notice required is not of the facts concerning the breach, but of the buyer's claim that they will constitute a breach. . . . Hence, this provision is not in the nature of a statute of limitations, but the notice is imposed as a condition precedent to the right to recovery [or recoupment]. Such a notice given after commencement of the suit is . . . ineffective. . . . The notice must advise the seller that the buyer is looking to him for damages." *Marsh Wood Products Co. v. Babcock & Wilcox Co.* 207 Wis. 209, 224, 225, 240 N. W. 392.

As this rule must be given effect there is no need to discuss other matters contained in the briefs of counsel.

Under the circumstances appearing in evidence we consider that we should not in justice direct entry of judgment for the plaintiff for the unpaid portion of the contract price. The contract of sale involved, although its terms are not definitely or properly proven, manifestly covered not only the sale and price for many articles of merchandise, but it covered the furnishing by plaintiff of materials required for properly equipping a soda fountain and ice-cream freezer, and covered the services required for installing the equipment so that it would operate them properly. It also covered, according to the judge's findings, a one-half horsepower motor while a one-quarter horsepower motor was furnished which did not provide sufficient power to operate the fountain and freezer. Many articles covered by the contract did not require installation. For these articles plaintiff is entitled to recover. The plaintiff is not entitled to recover for services in installing the articles required by the contract to be installed if he failed to install them properly. As defendant kept the motor furnished by the plaintiff, and afterward sold it, he is bound to pay what it was worth. And so as to the other equipment which the defendant removed and replaced but did not return. Under this situation we consider that there should be a new

trial of the case in which the contract of the parties and the amount recoverable by the plaintiff may be definitely proved.

*By the Court.*—The judgment of the county court is reversed, and the cause is remanded with directions to require the pleadings so amended as to raise the issues triable and to order a new trial of those issues. No costs are allowed to either party upon the appeal. The appellant will pay the clerk's fees.

The following opinion was filed September 28, 1946:

PER CURIAM (*on motion for rehearing*). There is a motion for rehearing. A new trial was ordered for the reason that it appeared to this court from the record that the real issue between the parties was not tried. But as stated in the brief of appellant on the motion for rehearing the judgment dismissed the defendant's counterclaim and the respondent did not appeal from the portion of the judgment dismissing it, or move for review of the dismissal. Therefore, as contended by the appellant, no counterclaim can be interposed on the new trial. The motion for rehearing is denied without costs.