**William BARLOW and Protection Mutual Insurance Company, Plaintiffs,.**

**v.**

**DeVILBISS COMPANY, Defendant..**

**Floyd WICHMAN, Plaintiff,**

**v.**

**DeVILBISS COMPANY, Defendant..**

**Nos. 60–C–158, 61–C–53.**

United States District Court
E. D. Wisconsin.
Feb. 25, 1963.

Ellis R. Herbon, Milwaukee, Wis., for plaintiffs, Lawrence Zelle and Harding A. Orren, Minneapolis, Minn., of counsel.

Arthur Wickham and Kurt H. Frauen, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The defendant in these consolidated cases has moved for summary judgment dismissing the second and third causes of action in each case. The alleged facts in these actions are as follows:

These actions arise out of an explosion which occurred at the branch plant of the Southwest Manufacturing Company (hereafter called "Southwest") in Adams, Wisconsin, on January 19, 1959. Southwest was in the business of fabricating fiberglass boats. In connection with the manufacture of these boats, it was necessary to utilize certain spray equipment for the combining, under pres-

sure, of chemicals which reacted to form the base mold for the boats. This spray equipment was purchased by Southwest from the defendant. The explosion that occurred resulted from the reaction of a highly volatile peroxide catalyst which had been placed in a low carbon steel container supplied by defendant. This particular catalyst, when used in this operation, should be placed in a stainless steel insert. Both the stainless steel and low carbon steel inserts are supplied by defendant, and both types had been ordered by Southwest at various times by catalog number.

Plaintiffs, William Barlow and Floyd Wichman, were employees of Southwest and both suffered injuries as a result of the explosion of the low carbon containers filled with this peroxide mixture. Protection Mutual Insurance Company, plaintiff in Civil Action No. 60–C–158, sues as subrogee to the claims of Southwest for property damage and business interruption. The insurer has paid to Southwest the sum of $15,845.92 under the terms of a policy issued to Southwest. On February 13, 1963, an assignment was filed herein by Southwest to the plaintiff insurer of all its claims against third parties arising out of the explosion.

Plaintiffs allege defendant is liable under one or more of the following four alternative causes of action:

1. Defendant negligently supplied a low carbon steel container in response to a specific order for a stainless steel container;

2. Defendant expressly warranted;

3. Defendant impliedly warranted that the container supplied would be of stainless steel and would be fit for the particular for which it was intended, which warranties were breached; and

4. Knowing of the similarity in appearance between low carbon steel and stainless steel containers, defendant negligently failed to mark or otherwise identify the containers or to adequately warn the plaintiffs of the inherent danger in using the one container instead of the other.

Defendant has filed motions for partial summary judgment dismissing the second and third causes of action based upon alleged breach of warranty on the grounds that:

1. There is no privity between the individual plaintiffs and the defendant manufacturer.

2. No notice of a claim for damages was given to defendant within a reasonable time after the buyer knew, or ought to have known, of the alleged breach as required by the Uniform Sales Act, Section 121.49, Wis.Stats.

3. On the reverse side of the notices which were sent to Southwest acknowledging receipt of its orders was a limitation of warranty and a "disclaimer" statement, disclaiming liability "for consequential damages of any nature whatsoever."

■ In deciding these motions, the first question to be determined is: What law controls under the applicable conflict of laws rule? Although defendant disagrees with plaintiffs' claim that a warranty action sounds more in tort than in contract, defendant has not shown where the contract for the sale of the containers involved herein was made or where it was performed. In any event, the ultimate damage and injury occurred in Wisconsin, and as plaintiffs point out, Wisconsin law should be applied in this action.

The decisions of the Wisconsin Supreme Court have consistently held that there is no liability for breach of warranty in the absence of privity of contract between the parties. Prinsen v. Russos, 194 Wis. 142, 215 N.W. 905 (1927); Cohen v. Associated Fur Farms, Inc., 261 Wis. 584, 53 N.W.2d 788 (1952).

The latest Wisconsin decisions involving breach of warranty claims are Strahlendorf v. Walgreen Company, 16 Wis.2d 421, 114 N.W.2d 823 (1962), and Smith v. Atco Company, 6 Wis.2d 371, 94 N.W.2d 697, 74 A.L.R.2d 1095 (1959). In the Smith case, the court for the first time announced that privity between the plaintiff and defendant manufacturer

was no longer required in a *negligence* action. By way of a footnote on page 383, 94 N.W.2d on page 704, the court said:

"² A divided Michigan court in the recent case of Spence v. Three Rivers Builders & Masonry Supply (1958) 353 Mich. 120, 90 N.W.(2d) 873, abolished privity as a test of liability in breach-of-implied-warranty cases against a manufacturer as well as in tort actions grounded upon negligence. Wisconsin, however, requires that privity exist between the plaintiff user and the manufacturer, or supplier, in breach-of-implied-warranty cases. Cohan v. Associated Fur Farms (1952), 261 Wis. 584, 589, 53 N.W.(2d) 788, and Kennedy-Ingalls Corp. v. Meissner (1958), 5 Wis. (2d) 100, 109, 92 N.W.(2d) 247."

In the Strahlendorf case, the trial court directed a verdict for the defendant on the ground of lack of privity between plaintiff and defendant. The supreme court affirmed on a different ground, i. e., that the toy airplane that injured the plaintiff was not a "dangerous instrumentality." By way of *dicta*, the court indicated that it *may* be leaning toward the modern trend of decisions which have abolished the requirement of privity in breach of warranty cases. The court stated at page 435, 114 N.W.2d at page 830:

"Plaintiffs make a strong argument urging this court to abandon its prior holdings that privity between plaintiff and defendant is an essential requirement of a cause of action for breach of implied warranty. This court is not insensible to the present trend in the law toward striking down the existing barriers to recovery in products-liability cases. We took a decided step in that direction in Smith v. Atco Co. (1959), 6 Wis. (2d) 371, 94 N.W. (2d) 697, 74 A.L.R.(2d) 1095.

\* \* \* \* \* \*

"When this court declared by footnote in Smith v. Atco Co., supra, page 383, that Wisconsin requires privity in breach-of-implied-warranty cases, it was merely stating the then present status of our law. This does not mean that this court will adhere to this rule ·forever, regardless of the persuasiveness of the arguments made, or authorities cited, in favor of changing it. Moreover, we do not deem the instant case a proper one in which to give consideration to this question."

█ Plaintiffs urge this court to take the step which the Wisconsin Supreme Court has not yet taken; that is, to eliminate the requirement of privity. The difficulty with this approach is that the proper function of this court in a diversity case is to apply state law as it. *now* exists and not to make new law by trying to anticipate what the Wisconsin Supreme Court may rule in the next case before it. If the law is to be changed, it must be changed by the Wisconsin Supreme Court.

█ Plaintiffs next suggest that if this court does not feel the privity requirement should be overruled in Wisconsin in the absence of a precise state court decision, the facts presented warrant the finding of privity on the basis of a California decision—Peterson v. Lamb Rubber Company, Cal., 353 P.2d 575 (1960). In that case the court extended the protection of an implied warranty to a plaintiff-employee on the ground that such employee should be considered part of the industrial "family" of the employer-purchaser.

No other decisions have been cited or found wherein the doctrine of privity has been extended to cover employees of the buyer, and this court is not inclined to extend the doctrine to cover these employees on the basis of an isolated California decision which is not shown to be the law of Wisconsin.

█ Summary judgment must,. therefore, be granted as to the causes. of action based on warranty of plaintiffs Barlow and Wichman on the ground of lack of privity between these plaintiffs.

544

and the defendant. Since the plaintiff insurer in Civil Action No. 60–C–158 is subrogated to the rights of Southwest, the required privity exists as between this plaintiff and the defendant. However, summary judgment must be granted as to this plaintiff insurer as well as to the individual plaintiffs on the alternative ground that no notice of a claim for damages for breach of warranty was given to the defendant within a reasonable time. Such notice is a condition precedent to a right of recovery. See Uniform Sales Act, Section 121.49, Wis.Stats.; Marsh Wood Products Company v. Babcock & Wilcox Company, 207 Wis. 209, 240 N.W. 392 (1932); Simonz v. Brockman, 249 Wis. 50, 23 N.W.2d 464, 24 N.W.2d 409 (1946). Although the question of what is a reasonable time is ordinarily a question of fact, the period may be so long as to become a question of law. Schaefer v. Weber, 265 Wis. 160, 60 N.W.2d 696 (1953).

 In support of their motion on this ground, defendant has submitted an affidavit of Frank R. Pitt, Secretary and General Counsel of defendant, which states that neither Southwest nor any of the plaintiffs in these cases gave any notice of breach of warranty to defendant at any time prior to January 12, 1960. On that date plaintiffs' counsel wrote a letter to defendant claiming breach of warranty resulting in personal injuries and property damages as a result of the explosion on January 19, 1959. This letter was written eleven months and three weeks after the explosion, which letter, as a matter of law, would not be notice within a reasonable time. A delay of five months in notifying the seller has been considered an unreasonable time as a matter of law. Schaefer v. Weber, supra. A delay of fifty-seven days was an unreasonable time as a matter of law in Tegen v. Chapin, 176 Wis. 410, 187 N.W. 185 (1922).

In opposition to the motion on this ground, plaintiffs have submitted the affidavit of plaintiffs' counsel, Lawrence Zelle, which states that Mr. Zelle "has in his possession a document dated January 26, 1959, * * *" prepared by an agent of Southwest's insurer. This document allegedly states that immediately following the explosion, Southwest notified defendant that a piece of defendant's equipment "may have been defective and resulted in an explosion"; that defendant and its insurer investigated the explosion; and that defendant's insurer stated that it would assume responsibility for any damage if defendant's equipment failed.

 This alleged document is not of record, but even assuming it states substantially what Mr. Zelle's affidavit indicates, the requirement of notice has not been met. Notice that a piece of equipment "may have been defective" is not notice that the buyer is looking to the seller for damages for breach of warranty. Further, the fact that the seller has knowledge of the facts constituting the breach does not render it unnecessary for the buyer to give the required notice. Marsh Wood Products Company v. Babcock & Wilcox Company, supra.

Plaintiffs have also submitted a copy of a letter dated June 25, 1959, from Southwest's insurer to defendant's insurer. This letter also must be deemed insufficient to constitute the requisite notice, since it contains no claim by the buyer against the seller for damages for breach of warranty. In addition, it was sent over five months after the explosion which, as a matter of law, was not within a reasonable time. See Schaefer v. Weber and Tegen v. Chapin, supra.

In view of the foregoing, it is unnecessary to pass upon the third alternative ground raised by defendant with regard to the validity of the alleged "disclaimer" statement printed on the reverse side of defendant's acknowledgment sent to Southwest upon receipt of its purchase order.

The clerk is directed to enter judgment dismissing the second and third causes of action in Civil Action Nos. 60–C–158 and 61–C–53.