Jon R. HOPPE, individually and as personal representative of the Estate of Margaret O. Hoppe, Plaintiff,

v.

SMITHKLINE BEECHAM CORP., et al., Defendants.

No. CIVA 05CV05112.

United States District Court, E.D. Pennsylvania.

June 29, 2006.

Douglas M. Brooks, Gilman And Pastor, LLP, Boston, MA, Harvey A. Sernovitz, Philadelphia, PA, Kenneth G. Gilman, Gilman and Pastor, Boston, MA, for Plaintiff.

Chilton Davis Varner, Katherine Arthur, Todd P. Davis, King & Spalding LLP, Atlanta, GA, Joseph K. Hetrick, Joshua G. Schiller, Dechert LLP, Philadelphia, PA, for Defendant.

## *EXPLANATION AND ORDER*

ANITA B. BRODY, District Judge.

Plaintiff Jon R. Hoppe is the surviving spouse of Margaret O. Hoppe ("Mrs. Hoppe"). Mrs. Hoppe committed suicide on September 27, 2002, after having taken the anti-depressant Paxil for approximately three months. In this diversity action, plaintiff brings wrongful death and survival actions under Wisconsin law against those who designed, manufactured, and currently distribute Paxil, alleging that Mrs. Hoppe's death was caused by defendants' failure to disclose Paxil's risk of causing suicidality to the public and the healthcare community.

Plaintiff filed the complaint on September 26, 2005. On December 2, 2005, after answering, defendants filed a motion for summary judgment. On January 6, 2006, I ordered that discovery in the case would be stayed pending the resolution of defendants' motion. Before me is defendants' motion for summary judgment. For the reasons stated below, I will grant in part and deny in part the motion.

## I. Factual Allegations [1]

Paxil is the trade name for the prescription medicine Paroxetine, an anti-depressant that was designed, tested, labeled, distributed, marketed, and (for the purposes of this litigation) manufactured by defendants. (*See* Answer ¶ 8.)

Internal documents show that defendants knew as early as 1997 of studies showing suicidality in Paxil users. (Pl.'s Resp. to Def.'s Mot. Summ. J. at 6.) In 1993, the Food and Drug Administration ("FDA") approved Paxil as safe and effective for use by adults with certain indications, based upon the information that defendants had provided during the FDA's approval process.

After Paxil's release, hundreds of cases of suicidality in Paxil users were reported or otherwise published to defendants, including one Paxil user's murder of his family and subsequent suicide that was the subject of a February 2000 lawsuit ("the Tobin/Schell litigation"). (Pl.'s Resp. at 3–4.) Nonetheless, defendants "continued to adhere to the false claim that Paxil suicide risks are not significant enough to warrant action." (Compl.¶ 12.) Of the nine studies that defendants allegedly commissioned on the use of Paxil, it only made public the results of one. (Pl.'s Resp. at 6.)

In July 2002, Mrs. Hoppe's doctor prescribed her Paxil to treat her situational depression. She was not suicidal at this time. On September 27, 2002, Mrs. Hoppe committed suicide by hanging.

In April 2004, at the order of the FDA, defendants revised Paxil's label to add warnings about the risk of suicidality. (Pl.'s Resp. at 7.) In May 2004, defendants sent a "Dear Doctor" letter to healthcare providers to notify them of the labeling change. (*Id.*)

On December 2, 2005, before any discovery had been taken, defendants filed their motion for summary judgment.

## II. Legal Standard

Federal Rule of Civil Procedure 56(f) provides that where the non-moving party's affidavits indicate that the non-moving party cannot for the reasons stated present facts essential to justifying its opposition, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must draw all reasonable inferences from

---

**1.** All inferences drawn from the underlying facts are viewed in the light most favorable to the plaintiff, the non-moving party, and his allegations are taken as true when supported by proper proofs wherever those allegations conflict with those of the defendant. *Kopec v. Tate*, 361 F.3d 772, 775 (3d Cir.2004).

the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Kornegay v. Cottingham*, 120 F.3d 392, 395 (3d Cir.1997).

## III. Discussion

Defendants seek summary judgment on all counts. Defendants argue that plaintiff's wrongful death and tort actions (Counts I–IV) are time-barred, and that the remaining counts fail as a matter of law. I find that summary judgment as to Counts I to IV is inappropriate at this stage, but that summary judgment is warranted as to Counts V to VII.

### A. Timeliness of wrongful death and tort actions (Counts I–IV)

Under Pennsylvania law, plaintiff had two years after Mrs. Hoppe's death to timely file this action, or until September 27, 2004. 42 Pa. Cons.Stat. Ann. § 5524. As this action was not commenced until September 26, 2005, it will be time-barred unless the limitations period is tolled for one year. I find that at this stage, summary judgment as to the issue of tolling is premature and the case will proceed to discovery.

**1. *Which statute of limitations applies***

 As a threshold matter, Pennsylvania's statute of limitations for wrongful death and personal injury actions applies to this action. A federal court sitting in diversity must apply the forum state's choice-of-law rules regarding statutes of limitations. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir.1985). Pursuant to Pennsylvania's so-called "borrowing statute," Pennsylvania applies its own statute of limitations to causes of action that accrued in a foreign jurisdiction, unless the foreign jurisdiction's statute of limitations is shorter. 42 Pa. Cons.Stat. Ann. § 5521(b). Here, Pennsylvania's limitations period for personal injury and wrongful death actions is shorter than Wisconsin's. *Compare* 42 Pa. Cons.Stat. Ann. § 5524(2),(7) (two years) *with* Wis. Stat. Ann. § 893.54(2) (three years). Therefore, Pennsylvania's statute of limitations applies.[2]

 Pennsylvania case law indicates that plaintiff's wrongful death and survival actions accrued upon Mrs. Hoppe's death on September 27, 2002.[3] "In Pennsylva-

**2.** Plaintiff argues that Wisconsin's three-year statute of limitations should apply, which would render this action timely to the day. Plaintiff points to the legislative history of the Pennsylvania borrowing statute, which shows that the legislature was primarily concerned with preventing foreign plaintiffs from taking advantage of a longer period in Pennsylvania than in their home jurisdiction. Thus, plaintiff argues, the legislature did not intend to bar foreign plaintiffs from invoking their home jurisdiction's statute of limitations, where it is longer than Pennsylvania's.

Be that as it may, the Pennsylvania legislature chose clear, unambiguous language for the borrowing statute that is incompatible with plaintiff's proposed application. Plaintiff does not offer a single case in which a court ignored the statute's clear language, nor

any other legal authority that would suggest that I am allowed to apply the statute in the manner plaintiff proposes. Therefore, I reject this argument.

A different result may well have been achieved had the action been commenced in state or federal court in Wisconsin.

**3.** I reject plaintiff's proposition that even if Pennsylvania law sets the limitations period, Wisconsin law should be applied to the question of when the cause of action accrued. A similar argument was expressly considered and rejected by the Third Circuit in *Ross v. Johns–Manville Corp.*, 766 F.2d 823 (3d Cir. 1985). The court in *Ross* held that Pennsylvania courts generally apply Pennsylvania law to determine when a foreign claim accrues for the purposes of its statute of limitations. *Id.*

nia, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion. . . . Generally speaking, in a suit to recover damages for personal injuries, this right arises when the injury is inflicted." *Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850, 857 (2005) (internal citations omitted). Wrongful death actions invariably accrue at the time of the decedent's death, as the decedent's death is the actionable injury. *Pastierik v. Duquesne Light Co.*, 514 Pa. 517, 526 A.2d 323, 325–26 (1987). In this case, plaintiff alleges that defendants' failure to warn the public and the healthcare community of Paxil's risk of causing suicidality was a cause of Mrs. Hoppe's death. Plaintiff is suing for both the injury done to Mrs. Hoppe, when she took Paxil ignorant of its risk of suicidality and became suicidal as a result, as well as the injury done to himself, when Mrs. Hoppe committed suicide. Therefore, both plaintiff's wrongful death and survival actions accrued at substantially the same moment—when Mrs. Hoppe took her own life on September 27, 2002.

### 2. *Tolling due to fraudulent concealment*

 Plaintiff argues that the doctrine of fraudulent concealment[4] applies to toll

the action until at least 2004. Plaintiff alleges that defendants fraudulently concealed Paxil's risk of suicidality from the 1990s, when they gained actual knowledge of the risk, until the spring of 2004, when they were ordered by the FDA to change Paxil's labeling and notify the healthcare community. Defendants contest these allegations, arguing that they made no affirmative acts of concealment during the relevant time period.

 Any inquiry into defendants' alleged fraudulent concealment would be premature at this stage, given that the factual record is completely undeveloped. Pennsylvania law directs a court to leave material factual issues regarding tolling for the jury. *See, e.g., Fine*, 870 A.2d at 860 (reversing lower court's grant of summary judgment where there was conflicting deposition testimony as to whether defendant had disclosed the risk of injury prior to surgery). In cases involving tolling due to allegations of fraudulent concealment, the Third Circuit has encouraged and approved of allowing the factual record to be sufficiently developed before reaching the issue. *See, e.g., Byrnes v. De Bolt Transfer, Inc.*, 741 F.2d 620, 626–27 (3d Cir.1984) (remanding to the lower court to "spell[ ] out in greater detail" its

---

at 827–29. No exception to this general rule applies here.

4. Pennsylvania's doctrine of fraudulent concealment is "based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *Fine*, 870 A.2d at 860 (internal citation omitted). "In general, this requires that a defendant have done something amounting to an affirmative inducement to plaintiff to delay bringing the action." *Gravinese v. Johns–Manville Corp.*, 324 Pa.Super. 432, 471 A.2d 1233, 1238 (1984). A defendant's fraudulent concealment will not absolutely bar the limitations

defense, but rather, will toll the limitations period only until such time as the plaintiff discovers or reasonably should have discovered the fraud. *Urland v. Merrell–Dow Pharmaceuticals, Inc.*, 822 F.2d 1268, 1272–74 (3d Cir.1987); *Fine*, 870 A.2d at 861. "[A] party who seeks to assert a cause of action against another [must] be reasonably diligent in informing himself of the facts upon which his recovery may be based." *Fine*, 870 A.2d at 861 (internal citation omitted). "Although there are few facts which diligence cannot discover, a reason must exist 'to awaken inquiry' and 'direct diligence in the channel in which it would be successful.'" *Drelles v. Mfrs. Life Ins. Co.*, 881 A.2d 822, 834 (Pa.Super.2005).

conclusions regarding fraudulent concealment and to "make whatever additional factual findings it deems necessary to the disposition of the tolling issue"); *Urland v. Merrell–Dow Pharmaceuticals, Inc.,* 822 F.2d 1268, 1276–77 (3d Cir.1987) ("We stress that in this case, the district court did not decide in favor of [defendant's] statute of limitations defense on a pre-trial motion. Instead, the issue was fairly presented to a jury, which decided the relevant factual question adversely to the [plaintiffs]."). Following the cues laid by state and federal precedent, I will allow further development of the record underlying plaintiff's allegations of fraudulent concealment in order to accurately determine whether there is a triable issue.

■■■■■■ As plaintiff avers in his supporting affidavit, discovery is necessary in order to allow him to uncover relevant information solely in the defendant's control. Issues that must be fleshed out include: the date and extent of defendants' alleged knowledge of Paxil's risk of suicidality; the scope of defendants' duty to disclose the risk and its efforts, if any, to do so; and its communications, if any, with Mrs. Hoppe or her doctor or others similarly situated. Until the record is further developed as to these issues, it is impossible to tell whether the question of fraudulent concealment lies with judge or jury.[5]

5. My denial of summary judgment is based primarily on the undeveloped state of the record, but I will address briefly defendants' additional argument that summary judgment should be granted because plaintiff failed to plead fraudulent concealment with particularity. I disagree.

I am extremely doubtful that Federal Rule of Civil Procedure 9(b), providing that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," applies to a plaintiff's request for tolling due to fraudulent concealment. First, it is axiomatic that a plaintiff need not anticipate a statute of limitations defense in his complaint. *Carroll v. Pittsburgh Steel Co.,* 103 F.Supp. 788, 789 (W.D.Pa.1952); *Forth v. Gen. Motors Corp.,* 1989 WL 83600, at *1 (E.D.Pa. July 24, 1989). The statute of limitations is an affirmative defense and may be waived. Thus, it would provide defendants an unfair advantage if plaintiffs were required to reveal in advance and with particularity their arguments for tolling the statute of limitations. Second, Pennsylvania's definition of fraudulent concealment as regards tolling is broader than its definition of fraud in general. The fraudulent concealment tolling doctrine "does not require fraud in the strictest sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception." *Fine,* 870 A.2d at 860. Therefore, while an action for fraud clearly triggers Rule 9(b), the different, broader doctrine of fraudulent concealment should not.

The cases cited by defendants do not contain any reasoning as to why Rule 9(b) should be applied to fraudulent concealment tolling claims. *See Byrnes,* 741 F.2d at 626 (stating summarily that "fraud, and thus fraudulent concealment, must be pleaded with particularity," without providing any rationale or federal authority in support); *Christaldi v. ADC Resins Co.,* 1994 WL 6886 (E.D.Pa. Jan.5, 1994) (Bartle, J.) (same). In contrast, in *Hansen v. Shearson/American Express, Inc.,* 890 F.Supp. 416, 426 n. 6 (E.D.Pa.1995) (Pollak, J.), the court distinguished its own previous decision applying Rule 9(b) to a claim for tolling due to fraudulent concealment, explaining that:

[Defendant] relies on my decision in *Alfaro v. E.F. Hutton & Co.,* 606 F.Supp. 1100 (E.D.Pa.1985). There the plaintiffs had pleaded fraudulent concealment in anticipation of a statute-of-limitations defense. They did so without providing the particularity required by Federal Rule of Civil Procedure 9(b), so I dismissed the relevant count of the complaint, but gave the plaintiffs opportunity to amend. *Here, the plaintiff has not anticipated the defense, nor was he obligated to do so.*

(Emphasis added.) In *Alfaro,* the case Judge Pollak was distinguishing, the plaintiffs had pleaded fraudulent concealment both as a cause of action and as cause for tolling the statute of limitations. Thus in *Alfaro,* the question of whether Rule 9(b) should be applied to the claim for tolling had been subsumed into Rule 9(b)'s application to the overarching tort action, and was never addressed as a separate issue. As

Therefore, I deny defendants' motion for summary judgment as to plaintiff's wrongful death and survival tort actions and allow the case to proceed to discovery.[6]

### B. Wisconsin Consumer Act (Count V) and breach of warranty claims (Counts VI–VII)

Defendants argue that plaintiff's Wisconsin Consumer Act (Count V) and breach of warranty claims (Counts VI–VII) fail as a matter of law. I agree.

#### 1. *Wisconsin Consumer Act claim (Count V)*

First, defendants argue that plaintiff's claim under the Wisconsin Consumer Act ("the Act") is time-barred. According to defendants, the statute of limitations provided by the Wisconsin Consumer Act applies. *See* Wis. Stat. Ann. § 425.307 (providing that an action must be commenced within one year after the date of the last violation, two years after consummation of the agreement, or one year after the last payment). As plaintiff fails to make any response in his brief, plaintiff has waived any objection to applying the Wisconsin Consumer Act's statute of limitations to this claim.

Under the Act, this claim is untimely. The limitations period began to run when the latest violation, consummation of agreement, or payment by Mrs. Hoppe[7] under the Act was made. At the latest, this period had to begin at Mrs. Hoppe's death, which took place almost three years before the plaintiff filed suit. Thus, plaintiff's claim exceeds the Act's one- or two-year statute of limitations.

Secondly, defendants argue that the Act does not apply to the facts of this claim. The Act governs consumer credit transactions, including fraudulent claims relating to consumer credit. *See, e.g.,* Wis. Stat. Ann. § 423.301 (provision relating to false, misleading, or deceptive advertising relating to the provision of consumer credit). As none of the facts of this case implicate consumer credit, defendants are correct: plaintiff's claim falls outside the scope of the Act.

Defendants have met their burden to demonstrate that there is no genuine issue of material fact. Plaintiff has failed to make any showing on essential elements of his case with respect to which he has the burden of proof, as required by *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Therefore, summary judgment for defendants as to Count V is warranted.

#### 2. *Breach of warranty claims (Counts VI–VII)*

As defendants correctly argue, plaintiff's breach of warranty claims fail under Wisconsin law due, *inter alia,* to lack of privity.[8]

---

Judge Pollak pointed out in *Hansen,* however, a plaintiff need not anticipate a statute of limitations defense. Both the result and analysis in *Hansen* provide support for my conclusion that Rule 9(b) should not apply to a plaintiff's claim that a statute of limitations should be tolled due to fraudulent concealment.

6. As I am allowing the case to proceed to discovery, I need not reach plaintiff's additional argument that tolling may be available due to the pending class action doctrine contained in *American Pipe & Constr. Co. v. Utah,*

414 U.S. 538, 552–53, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 350, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

7. Plaintiff brings this claim in his capacity as the representative of Mrs. Hoppe's estate.

8. As I find that plaintiff's breach of warranty claims fail due to lack of privity, I need not address defendants' additional arguments that plaintiff's claims also fail due to lack of notice and because they seek remedies that are only properly recoverable in tort.

■ Plaintiff does not contest that privity is lacking in this case. Instead, he argues that Wisconsin law does not in fact require privity. Plaintiff is incorrect. "Wisconsin law requires privity of contract between the parties before liability can be founded on breach of express or implied warranty." *Twin Disc. Inc. v. Big Bud Tractor, Inc.*, 582 F.Supp. 208, 215 (E.D.Wis.1984). *See also Staudt v. Artifex Ltd.*, 16 F.Supp.2d 1023, 1030 (E.D.Wis. 1998) (privity rule applied to personal injury action); *Barlow v. Devilbiss Co.*, 214 F.Supp. 540, 543 (E.D.Wis.1963) (noting Wisconsin Supreme Court's explicit refusal to eliminate the requirement of privity in products liability actions); *Northridge Co. v. W.R. Grace & Co.*, 162 Wis.2d 918, 471 N.W.2d 179, 187 n. 15 (1991); *City of La Crosse v. Schubert, Schroeder & Assoc.*, 72 Wis.2d 38, 240 N.W.2d 124, 125–26 (1976) (overruled on other grounds). Even the case relied upon by plaintiff,[9] *Ball v. Sony Electronics, Inc.*, 2005 WL 2406145 at *6 (W.D.Wis. Sept.28, 2005), actually reiterates Wisconsin's strict application of the privity rule for implied warranty claims (*id.* at *4), and notes only that a limited exception may be made for express warranty claims where, at the time of purchase, the manufacturer's warranty was expressly disclosed to and relied upon by buyer (*id.* at *5). This exception is not applicable here. Therefore, the Wisconsin privity rule must be applied to this case, and plaintiff's breach of warranty claims must fail for lack of privity.

---

9. Plaintiff boldly avers that "defendants have misstated the law of Wisconsin on this issue," citing a quotation from *Ball,* 2005 WL 2406145 at *6, that appears to support his position. However, the portion quoted by plaintiff is itself a quotation from a treatise on product warranty law, and is neither a holding of the case nor a statement of Wisconsin law. It is therefore plaintiff who has misstated Wisconsin law on this issue.

## IV. Conclusion

I deny summary judgment as premature as to whether defendants committed fraudulent concealment such as will toll the statute of limitations in plaintiff's wrongful death and survival tort actions (Counts I to IV). I grant summary judgment as to plaintiff's Wisconsin Consumer Act and breach of warranty claims (Counts V to VII), as these claims fail as a matter of law.

### *ORDER*

**AND NOW,** this __ 27ᵀᴴ __ day of June, 2006, upon consideration of defendants' motion for summary judgment (Doc. # 8) and the responses and replies thereto, it is hereby **ORDERED** that the Defendant's Motion is ˙**GRANTED** in part and **DENIED** in part. It is **GRANTED** as to Counts V–VII and **DENIED** as to Counts I–IV.

An amended scheduling order will follow.

Plaintiff also seeks to avoid the privity rule by citing to exceptions made in personal injury cases by courts in other jurisdictions, including Arizona, Ohio, Illinois, and California. Due to a lack of authority, I must decline to create a new exception to Wisconsin's privity rule based upon law from other jurisdictions. *See Koppers Co., Inc. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1445 (3d Cir.1996).